MADISON GENERAL TERM, January, 1849. *H. Gray, Mason, and Morehouse,* Justices.

## MORRIS *vs.* FLOYD and others.

If a mortgagor, on being sued at law upon the bond given in connection with the mortgage, interposes a defence, but fails to appear at the trial, and a judgment is recovered against him for the penalty of the bond, that judgment is conclusive upon him, and establishes the validity not only of the bond but of the mortgage given to secure the bond debt. And in a suit to foreclose the mortgage the mortgagor cannot set up the defence attempted to be made in the suit at law upon the bond.

The case of *The Mechanics' Bank* v. *Edwards,* (1 *Barb. Sup. Court Rep.* 271,) so far as it decides that usury is a personal defence, and cannot be set up by a stranger to the original transaction, overruled.

A purchaser of mortgaged premises from the mortgagor, who takes the same subject to the lien and payment of the mortgage, acquires the equity of redemption merely, and cannot set up the defence of usury, on a bill to foreclose such mortgage.

And where a junior mortgagee purchased in the mortgaged premises at a sale under a statutory foreclosure of the junior mortgage, and sold them to another for the same amount at which they were purchased by him, and conveyed them to the purchaser by a warranty deed, subject to the prior mortgage ; *Held* that unless there was something in the surrounding circumstances to warrant a different conclusion, it must be intended that the grantor meant to convey, and the grantee to receive, a title subject to the payment of the prior mortgage, by the grantee ; and that, in a suit to foreclose such mortgage, the grantee could not set up usury in such mortgage, as a defence.

The principle upon which the defence of usury is denied to one who has purchased the mortgaged premises, from the mortgagor, subject to the mortgage, is founded upon the supposition that on the purchase an allowance was made, out of the purchase money, with which to redeem the property purchased, from the incumbrance ; and that the purchaser ought not, under such circumstances, to avail himself of a statute not intended for his benefit. *Per* H. GRAY, P. J.

If, in such a case, the premises are worth any considerable amount less than the consideration expressed in the deed and the sum due on the mortgage subject to which they were conveyed, that fact, in connection with the circumstance that the grantor was not the mortgagor, and not benefited by the original loan, might afford ground for believing that the payment of the prior mortgage, by the purchaser, was not contemplated at the time of the sale and purchase. But if the premises are amply sufficient, over and above all they cost the purchaser, to pay the prior mortgage, that fact will go to show that it was the intention of the parties that the property should be conveyed subject to the payment of the mortgage. *Per* H. GRAY, P. J.

Morris v. Floyd.

IN EQUITY. The plaintiff excepted to the answer of the defendants Floyd and Beidleman, and on a reference to a master the exceptions were allowed. On exceptions by the defendants to the master's report, the decision of the master was reversed, by Justice Shankland, at a special term of this court held by him. And from the decision made at the special term, the plaintiff appealed to the general term of the court. The facts are as follows: The plaintiff filed his bill against Floyd, Davis and Jacob Beidleman, to foreclose a mortgage executed by Floyd to Davis for $4000, and by Davis sold to Morris, the plaintiff, with a guaranty of the payment. The defendants, Floyd and Beidleman, put in a joint answer, setting up the defence of usury, and alleging that Floyd and others, as partners, being pressed for money, applied to the plaintiff for a loan; and that it was then agreed that the bond and mortgage in question should be made by Floyd to Davis, for the purpose of being sold to the plaintiff at a discount of $400, as a usurious premium; and that it was thus made and sold; that Floyd afterwards mortgaged the same premises, with others, to Henry S. Beidleman, for $500, who foreclosed the mortgage in 1843, under the statute, and bid in the premises, and afterwards sold them to the defendant Jacob Beidleman, subject to the mortgage to the plaintiff. The deed to Jacob Beidleman was not recorded until after the plaintiff had foreclosed under the statute, in 1846. The plaintiff sued Floyd on the bond, in 1845, and obtained judgment thereon for the amount of the penalty of said bond; but no part thereof had ever been paid, or collected. The plaintiff excepted to the answer as impertinent in several particulars; and the exceptions having been sustained by the master, the defendant excepted to his report as to the first, fourth, fifth, sixth and seventh exceptions. The seventh exception was to all that portion of the answer which set up the defence of usury, and was founded on the statements in the bill and the admission in the answer that judgment had been obtained on the bond against Floyd, and as to the statute foreclosure on the plaintiff's mortgage; and the plaintiff insisted that the defendants were estopped from

setting up the usury, or any other defence. And it was further claimed that as the deed from Henry S. Beidleman to Jacob Beidleman was taken subject to the plaintiff's mortgage, Jacob Beidleman could not set up the defence of usury to that mortgage; and also, that as his deed was not recorded at the time Morris commenced foreclosing his mortgage, that foreclosure was good as against him, although notice was not served upon him as a subsequent alienee of the mortgaged premises. The mortgage to Davis was dated October 18th, 1841, and recorded on the same day. On the 25th of October, 1841, it was assigned to the plaintiff, and was foreclosed under the statute, June 25th, 1846. The mortgage from Floyd to H. S. Beidleman, was dated 26th March, 1843, and recorded the same day. It was foreclosed under the statute, on the 26th of June, 1843, and affidavits of sale recorded June 27th, 1843. The deed of warranty, subject to the mortgage for $4000 given by Floyd to Davis, was acknowledged on the 12th of August, 1843, and recorded April 9th, 1846.

*John A. Collier*, for the plaintiff.

*James Dunn*, for the defendants.

*By the Court*, H. GRAY, P. J. The principal, if not the only question arising upon the exceptions taken to the answer of Floyd and Beidleman, is embraced in the seventh exception, and presents the question whether Floyd and Beidleman can set up usury in the plaintiff's mortgage, as a defence to this suit.

The mortgage in suit is collateral to a bond upon which a judgment in a court of law has been recovered against Floyd. To the declaration upon that bond Floyd interposed the same defence here set up to the mortgage, but failed to appear at the trial, and a verdict was obtained, upon which a judgment was subsequently recovered against him. " It is enough that he had an opportunity of trying the question, and that the matter has been adjudged against him. That judgment is final."

(*Norton* v. *Wood*, 22 *Wend.* 522.) There is no pretence that the defence set up could not have been made available at law in the suit upon the bond, where a judgment was recovered against him, which establishes (beyond his right to question,) the validity not only of the bond, but of the mortgage given to secure the bond debt. But if Beidleman has the right to interpose the defence of usury, that right is a sufficient answer to the objection that it cannot be set up by Floyd, for the reason that the answer is joint, and insisted upon by both defendants. The exception taken is not to the right of Floyd alone to interpose the defence, but to the answer made by them jointly; and if Beidleman has the right to set up such defence the answer ought to stand until final decree, when the rights of the parties can be separately considered and passed upon. The exception as made must be sustained, or entirely overruled. (*Van Rensselaer* v. *Brown*, 4 *Paige*, 176.) It becomes important, therefore, to consider whether Beidleman can set up the defence of usury. It was claimed on the argument that the defence was personal; and that Beidleman, not being a party to the original contract, could not set up such defence. The only authority cited in support of this proposition, (and I have not been able to find another,) is a decision made at special term in the case of *The Mechanics' Bank* v. *Edwards*, (1 *Barb. Sup. Court Rep.* 271, 278, 9,) in which the learned justice before whom that cause was heard, decided that usury " is a personal defence and cannot be set up by a stranger to the original transaction," and that under our statutes " it is confined to those persons only who were bound by the original contract to pay the sum borrowed." The authorities referred to and upon which that decision was based, were *Reading* v. *Weston*, (7 *Cowen*, 432.) *De Wolf* v. *Johnson*, (10 *Wheat.* 386,) and *Post* v. *The Bank of Utica*, (7 *Hill*, 391.) If this proposition is sound, and warranted by previous authority, then Beidleman who was not a party to the mortgage in suit, cannot avail himself of the defence set up. But in my judgment the authorities cited do not warrant the conclusion to which the learned justice arrived.

Morris v. Floyd.

In the case of *Reading* v. *Weston*, there was no legal privity shown to exist between the party to the usurious contract, and those who sought to set up usury as a defence to it. In the case of *De Wolf* v. *Johnson*, the question decided was, that the purchaser from a mortgagor, of a mere equity of redemption, could not set up usury as a defence to the mortgage, subject to which he had purchased. And in the case of *Post* v. *The Bank of Utica*, the only point decided was, that a purchaser under a judgment was not a "borrower" within the meaning of the statutes relating to usury, so as to entitle him to relief in chancery, on a bill filed to set aside a prior mortgage as usurious. In that case, the right of the Bank of Utica to set up usury in the mortgage, when Post should seek to foreclose it upon the premises purchased by them, was not questioned. That question was settled by a previous adjudication upon the same mortgage; (*see Post* v. *Dart and The Bank of Utica*, 8 *Paige*, 641;) and the doctrine confirmed, that "an usurious security is void, not only against the borrower and his sureties, but also against all persons who claim title under them to the property intended to be affected by the usurious contract." In *Shufelt* v. *Shufelt*, (9 *Paige*, 145,) Chancellor Walworth says that "in the ordinary case of the giving of an usurious mortgage by the owner of the mortgaged premises, the owner of the premises has the right to sell his property, or to mortgage the same, as though such void mortgage had not existed; and the purchaser in such case necessarily acquires all the right of his vendor to question the validity of the usurious security." And in *Dix* v. *Van Wyck*, (2 *Hill*, 522,) Bronson, J. in considering who may, and who may not, set up the defence of usury, says, that "a mere stranger, or one who has no legal interest in the question, shall not officiously intermeddle in the matter and take advantage of a statute not made for his benefit; but a creditor who has obtained a judgment and execution cannot be regarded as a mere stranger." And on the same footing stands the mortgagee or grantee of one who has made an usurious mortgage.

But it is insisted that the defendant, Jacob Beidleman, hav-

Morris *v.* Floyd.

ing purchased the premises of Henry S. Beidleman, subject to
the plaintiff's mortgage, cannot set up the defence of usury.
If the case of *Floyd* v. *Scott,* (4 *Peters,* 205,) is to be followed,
then the objection, in any view of the case, cannot prevail.
The authority of that case would permit the purchaser from a
mortgagor of a mere equity of redemption, to set up usury in
the mortgage. Such is not the rule established in this state,
or in Massachusetts. In *Green* v. *Kemp,* (13 *Mass. Rep.* 515,)
where one Wood, the mortgagor, " demised, released and quit-
claimed to Kemp, all the right in equity of redeeming, which
he had in the premises," it was held that Kemp could not set
up usury in the mortgage previously given by Wood. The
court said if he had purchased the land he might have avoided
a previous usurious mortgage, but having purchased only the
right to redeem, he could not avail himself of usury in the
mortgage. In *Badger* v. *Hubbard,* (15 *Mass. Rep.* 103,) the
court affirmed the principle in the case last cited, and say of
the case then under consideration, that " it is not unlike the
case of a mortgage on which usurious interest is reserved. If
the mortgagor in such case conveys the land to a third person,
subject to the mortgage, the grantee of this right of redemption
cannot question the right of the mortgagee." In *Post* v. *Dart,*
(8 *Paige,* 641,) Chancellor Walworth refers to *Green* v. *Kemp,*
and says, the purchaser "who takes the premises subject to the
lien and payment of a mortgage, cannot set up the defence of
usury, and thus obtain an interest in the land which the mort-
gagor never agreed or intended to transfer to him." And in
deciding the case of *Shufelt* v. *Shufelt,* (9 *Paige,* 145,) he says
" the mortgagor may, if he thinks proper to do so, elect to affirm
the usurious mortgage by selling his property subject to the
payment or to the lien of such mortgage, and the purchaser in
that case takes the equity of redemption merely, and cannot
question the validity of the prior mortgage on the ground of
usury." This same principle is reasserted in *Cole* v. *Savage,*
(10 *Paige,* 591.) And in *Ferris* v. *Crawford,* in the court
for the correction of errors, (2 *Denio,* 598,) where the mortgagor
sold, and deducted from the price agreed to be paid for the

premises, the amount due on the mortgage previously given by him, it was held that the purchaser on a judgment subsequently obtained against the vendees of the mortgaged premises, who had notice that the judgment debtors had only purchased the mere equity of redemption, could not interpose the defence of usury to the mortgage. It must be borne in mind that all the cases where the grantee of mortgaged premises, or those holding under him, have not been permitted the defence of usury to a previous mortgage, are cases of conveyance by the mortgagor, where he himself has either deducted the amount of the mortgage from the price agreed upon for the premises, or has sold, in terms, subject to the mere equity of redeeming them from the lien of the previous mortgage. In such cases the grantee of the mortgagor ought not, upon obvious principles of equity, to set up a defence which his grantor had waived, and by deducting from the price or value of the premises the amount of the previous mortgage, had provided him with the means of payment.

In the case under consideration the premises were not sold by the mortgagor, but by a junior mortgage creditor of the mortgagor, who, under a statute foreclosure, purchased them in and thus succeeded to all the rights of the mortgagor to question the validity of the plaintiff's mortgage. The junior mortgagee, after having purchased in the premises, sold them to the defendant Jacob Beidleman, for the same amount at which they were purchased in by him, and conveyed them by warranty deed to the defendant " subject to the mortgage given by Harry N. Floyd to Cornelius Davis of four thousand dollars," which is the same mortgage then and now owned by the plaintiff, who now insists that the defendant did not purchase the land, but the mere equity of redeeming it from the lien of his mortgage, and hence cannot question its validity. We are therefore now to inquire what the parties meant, the vendor by giving, and the vendee by receiving, the deed subject to the plaintiff's mortgage. And upon this question no doubt is entertained that unless there is something in the surrounding circumstances to warrant a different construction, by a deed subject to a mort-

Morris *v.* Floyd.

gage the grantor intended to convey, and the grantee to receive, a title subject to the payment, by the grantee, of the mortgage referred to in the grant.   And the principle upon which the defence of usury is denied to one who has thus purchased is founded upon the supposition that in the purchase an allowance was made out of the value, or price agreed upon for the premises, with which to redeem the property purchased, from the incumbrance, and that he ought not, under such circumstances, to avail himself of a statute not intended for his benefit.   In this case it is true that the grantee of the premises, unlike the mortgagor, had received no advantage from the loan, and had not resting upon him the same obligation which the mortgagor had, to pay or see to the payment of the plaintiff's mortgage. Yet he had the same right which the mortgagor had, (a right which the defendant cannot question,) to waive the defence afforded him by the law, and in the sale of the premises provide for the payment of the mortgage.   Let us see whether there is not something in the case beyond what the terms of the purchase indicate, to prove that an abatement was made from the value or price of the premises out of which to pay the mortgage in suit.   It is alleged in the bill, and not denied in the answer, that the premises purchased by the defendant were worth at least $10,000, and it is shown by the answer that there was included in the defendant's purchase 100 acres of land not included in the plaintiff's mortgage, which according to the original estimate placed upon the premises covered by the plaintiff's mortgage, is of the value of about $2000, not affected by the mortgage in suit.   The defendant, then, for the sum of $575, became seised of lands of the value of $10,000 ; and although the defendant purchased of a person of the same name as himself, there is nothing to show that any relationship existed between them, or that there was any other consideration for the grant than that expressed in it.   If the premises were worth any considerable amount less than the consideration expressed in the deed, and the mortgage subject to which they were conveyed, that fact, connected with the circumstance that the grantor was not the mortgagor and not benefited by

the loan, might afford ground for believing that the payment of the plaintiff's mortgage was not contemplated when the purchase was made.    But aside from the 100 acres not included in the plaintiff's mortgage, the property purchased by the defendant was abundantly sufficient, over and above all it cost the defendant, to pay the plaintiff's mortgage, and with the 100 acres there would be a considerable surplus after discharging all claims against it.    There is nothing then in the surrounding circumstances of the case, taken together, to show that the defendant's grantor intended to convey him this valuable property for so inadequate a price, or from which to infer that the parties did not intend what the language used by them would ordinarily import.    But it is said the answer shows that it was not the intention of the parties that the premises should be conveyed subject to the plaintiff's mortgage.    The answer alleged that the deed contained the usual covenants of warranty and was made subject to the mortgage "for the reason that the grantor did not intend or wish to warrant or covenant against the mortgage, as it was then expected and believed as well by the grantor as the grantee, that the complainant would attempt to enforce it, and that a protracted and expensive litigation would grow out of the attempt."    The mere fact that the grantor did not wish to covenant against the mortgage, does not tend to negative the idea that he did not intend to convey subject to its payment.    The fact that the grantor, as well as the grantee, expected and believed that a protracted litigation would grow out of the plaintiff's attempt to enforce his mortgage, is not consistent with the condition which the terms of the grant imposes upon him.    Why expensively litigate a matter which is sure to result adversely?    Although this may be regarded as a circumstance of considerable weight to show that it was not the intention of the parties that the title of the defendant should be subject to the plaintiff's mortgage, it cannot avail the defendant here.    He knew all the facts when he put in his answer; and if it was the agreement between the parties that the premises should be conveyed to the defendant by deed with covenants of warranty except as against the plaintiff's

mortgage, instead of conveying them subject to it, the defendant should have so answered, and insisted that in that respect there was a mistake in the deed; that the plaintiff might, if he had chosen, have taken issue upon it, instead of stating a circumstance tending to support the issue he should have tendered.

I am therefore of opinion that the seventh exception was well taken, and the first, fourth and fifth are dependent upon it. The decision at special term, reversing the report of the master upon those exceptions, must be reversed with costs.

ALBANY GENERAL TERM, January, 1849.  *Harris, Watson, and Parker,* Justices.