## BERDAN *vs.* SEDGWICK & COWLES.

In June, 1853, D. and wife executed a mortgage to B. to secure the payment of $7500. In 1859 a judgment was recovered against D. upon the bond collateral to this mortgage, and an execution issued thereon was returned unsatisfied. In December, 1853, D. and wife conveyed the mortgaged premises to S. & C. for $41,000, by a full covenant deed, the purchase money being paid or secured by mortgages upon the premises. One of the mortgages was for $7500, which was deposited with a third person, for this purpose, viz. that if D. should fail to procure the original mortgage to B. to be set aside, the depositary should dispose of the mortgage so deposited with him, to pay off the original mortgage, and should deliver the proceeds to S. & C. for that purpose; and if D. should succeed in setting aside the mortgage to B. then the depositary should deliver the mortgage in his hands to D. to be disposed of as he should see fit. In an action subsequently brought by B., to foreclose the original mortgage given by D. and wife, D. set up the defense of usury, but failed to establish the defense. The mortgage deposited was then, with the consent of S., delivered to D. who assigned the same, and the assignee brought a suit to foreclose it. In an action brought by B. against S. & C. to foreclose the original mortgage given by D. and wife, *it was held* that the defendants, by their purchase and grant, acquired all the estate and title of their grantor, with the right to defend their title against the plaintiff's mortgage; and that they were not *estopped*, by the circumstances above mentioned from proving *usury* in such mortgage. MORGAN, J. dissented.

ACTION to foreclose a mortgage given by S. D. Dillaye and wife to the plaintiff, June 4, 1853, to secure the payment of $7500. On the 20th day of July, 1859, a judgment was

recovered against Dillaye upon the bond accompanying the mortgage, in the superior court of the city of New York, upon which executions had been returned unsatisfied. December 1, 1853, the mortgagors conveyed the mortgaged premises by a full covenant deed, to the defendants Sedgwick & Cowles, for the consideration of $41,000, the full value of the premises. The purchase money was all paid or secured by mortgages upon the premises. One of the mortgages was for $7500, which was deposited with Judge Comstock under an agreement in writing reciting the sale and conveyance and agreeing that said mortgage should be the first mortgage placed on record of the mortgages given that day by Sedgwick & Cowles to Dillaye, and should thereafter be placed in the hands of Judge Comstock, " for this purpose, to wit : That if the said party of the first part (Dillaye) shall fail to set aside a certain mortgage given by him to one Hiram Berdan (the mortgage in suit) for the sum of $7500, then the said Comstock shall dispose of the mortgage in his hands to pay off the said mortgage given to Berdan, and shall deliver the proceeds thereof to the said parties of the second part (Sedgwick & Cowles) for that purpose. And if the said party of the first part shall succeed in setting aside said mortgage to Berdan, then the said Comstock shall deliver the mortgage in his hands to the party of the first part, to be disposed of as he sees fit."

The mortgage was recorded, and deposited with Judge Comstock, and remained with him until August, 1855, when in an action before then commenced in this court for the foreclosure of the plaintiff's mortgage, a judgment having been given in favor of the defendants therein, declaring the plaintiff's mortgage usurious and void, the defendant's mortgage, with the consent of Sedgwick was delivered to Dillaye, who subsequently assigned the same, and it is now in process of foreclosure. The judgment in the foreclosure suit of the plaintiff was reversed by this court at general term, and the suit afterwards discontinued.

In this action, on the trial before MORGAN, J. the defend-

ants Sedgwick & Cowles offered to prove the usury alleged in the answer, in avoidance of the plaintiff's mortgage, and the evidence was excluded on the ground that said defendants were not in a situation to raise the question of usury, by reason of their said agreement and the circumstances under which they took their conveyance of the premises, and the subsequent transactions in relation thereto. To this ruling there was an exception, and judgment of foreclosure was pronounced, from which Sedgwick & Cowles appealed.

*D. Pratt*, for the appellants.

*C. Andrews*, for the respondents.

ALLEN, J. The statute avoids all securities and contracts whereupon or whereby more than the lawful rate of interest is reserved or taken, and relieves the borrower from paying or offering to pay the principal sum due, or any part thereof, or the interest thereon, on seeking the aid of the court and to be relieved from the usurious contract. (3 *R. S.* 73, §§ 5, 8.) Certain principles touching the construction and application of this statute have been settled by adjudications. The language of the statute is very comprehensive, and declares every usurious contract absolutely void. The decisions on the practical application of the statute properly and necessarily hold the contract rather voidable than void, and the defense under the statute rather personal than general, by restricting the right to assert the usury to those in privity with the debtor, either in person or estate, and excepting from the operation of the statute certain cases where provision has been made, directly or indirectly, by the debtor for the payment of the usurious debt.

It is claimed that this case is within one of the established exceptions to the statute and the defense properly excluded, for the reason that the defendants seeking to avail themselves of the defense took title to the mortgaged premises subject to

the payment of the mortgage. It is not disputed that grantees as well as heirs, devisees and personal representatives may set up the defense of usury, against a mortgage or other lien upon the premises conveyed, given or executed by their grantor. Any one who claims under the mortgagor, or in privity with him, may take advantage of the usury when the usurious security is sought to be enforced against him or his property. (*Ord on Usury*, 131. *Blydenburgh on Usury*, 106. *Post* v. *Dart*, 8 *Paige*, 639. *Shufelt* v. *Shufelt*, 9 *id.* 137. *Dix* v. *Van Wyck*, 2 *Hill*, 522. *Morris* v. *Floyd*, 5 *Barb.* 130.) But one who purchases the mere equity of redemption in the mortgaged premises cannot take advantage of the usury in the mortgage, for the reason that he does not take title to the estate or interest covered by the mortgage. So much as is necessary to satisfy the mortgage is excepted from the grant.

Neither can he who takes a conveyance of the mortgaged premises subject to the payment of the usurious mortgage, or who assumes its payment as a part of the purchase money, be heard to object to the validity of the security, for the security is not so absolutely void that it cannot be ratified. The debtor has a right to set apart his property to the payment of it, and the trustee or one who upon a good consideration coming from the debtor to him has undertaken to pay it, is estopped from alleging that it is void for usury.

These principles are well settled, and the reasons upon which they rest well stated in a series of cases; among which are *Shufelt* v. *Shufelt*, (*supra;*) *Cole* v. *Savage*, (10 *Paige*, 583;) *Post* v. *Dart*, (8 *Paige*, 639;) *Murray* v. *Barney*, (34 *Barb.* 347;) *Sands* v. *Church*, (2 *Selden*, 347;) *Morris* v. *Floyd*, (*supra;*) and per Comstock, J. in *Hartley* v. *Harrison*, (24 *N. Y. Rep.* 174;) and per Mason, J. in the same case.

This case is not within that class of recognized exceptions to the statute which become such for the reason that the grant is of the equity of redemption merely of the mortgaged

Berdan *v.* Sedgwick.

premises. Sedgwick & Cowles, the grantees, paid and secured to be paid the full value of the premises and took from their grantor an absolute deed of conveyance making no mention of the mortgage, or provision for its payment, with "full covenants;" that is, as I understand it, covenants of seisin, right and authority to convey, against incumbrances, and for further assurance. Had the transaction stopped here no question would have arisen as to the right of the grantees to defend against the mortgage on the ground of usury. No one would have contended that this was a conveyance of the equity of redemption only or subject to the mortgage; or that there was any evidence of an intent to provide for its payment; or that it was recognized by grantor or grantee as a valid incumbrance. The grant would have been necessarily held to be an absolute conveyance of the entire estate in the mortgaged premises, giving to the grantees all the rights of the grantor, as against the usurious security.

The only question is as to the effect of setting apart the mortgage for $7500 under the agreement that in case the mortgagor and grantee should fail to set aside the plaintiff's mortgage the same might be applied to its extinguishment. If by this transaction a trust was created for the payment of the plaintiff's mortgage, or the premises, in the hands of Sedgwick & Cowles, were charged with its payment, then a trust was created for the benefit of the plaintiff, the benefit of which he is entitled to, and which cannot be released or in any way affected by any acts of the defendants, or any third person. This was decided in *Hartley* v. *Harrison, (supra.)* There the mortgaged premises were conveyed " subject to the payment" of the mortgage alleged to be usurious, and the grantee covenanted to pay the same " as a part of the purchase money of the said premises." After the issue joined in the action the parties to this conveyance and covenant executed mutual releases annuling the covenants and clauses in the deed concerning the mortgage. The court held that the releases were not available to discharge the mortgaged prem-

ises, or to relieve the grantee from the estoppel created by the deed; that his liability to the plaintiff was fixed the moment he received the conveyance, and it was not in the power of his grantor to release him from it, and the land in his hands became the primary fund for the payment of the debt. The court did not decide whether the release was effectual to discharge the grantee from his personal covenant. In the case cited, by the conveyance alone a trust was created in the mortgaged premises for the payment of the specific debts, and by no other instrument was a trust or obligation created or continued. It was evidenced and existed by means of that one instrument, and an interest at once vested in the cestui que trust, which could only be discharged by payment or some act of the party beneficially interested. Such is the effect of the decision. To apply the principles of that decision to the case in hand, the trust was in the bond and mortgage deposited with Judge Comstock. The parties created no trust for the payment of the plaintiff's mortgage debt, unless by that security thus deposited. If the plaintiff acquired any new right either by way of estoppel, trust or otherwise, it was under that mortgage executed by Sedgwick & Coles, and it was the right to have that mortgage held and enforced for his benefit. And if the right existed at all it accrued at the instant of the conveyance and deposit of the mortgage; and the remedy is to follow up that mortgage and claim it as trust property in the hands of the assignee. It cannot be successfully claimed that any such right was created or interest vested in the plaintiff by the conveyance, mortgage and agreement now relied upon. In order to establish this it would be necessary to infer an intention of the original debtor to set apart a fund for the payment of the mortgage, from the fact of his depositing the fund for an entirely different purpose, and a purpose totally inconsistent with an intent to pay or provide for it. But if this should be inferred and the trust established, then the plaintiff's remedy is upon the mortgage thus executed, and not by the foreclosure of the old

Berdan *v.* Sedgwick.

mortgage which would subject the premises and the defend-ants to the payment of the same amount twice, when they only undertook that they or the premises should be liable upon and in pursuance of their own mortgage. The most that can be claimed is that the grantees by their bond and mortgage charged themselves and the lands granted with the payment of $7500 of the purchase money, and that the mortgagee and grantor set apart and devoted that mortgage to the payment of the plaintiff's debt. That does not make the plaintiff's mortgage valid, but entitles him to the new mortgage. When he gets possession of that the defendants will be estopped from alleging usury in the original security. But the diffi-culty of the plaintiff's case lies back of all this. There was in truth no fund set-apart or trust created for the payment of the plaintiff's debt. The plaintiff's mortgage was on record, and the grantees had notice of its existence. They took the covenant of their grantor against it, but with this they were not satisfied. They desired further security, and that security might have been given in the form of a collateral undertaking or guaranty of a third person, or collateral secu-rity in any form, as well as upon a part of the purchase money; and the form of the transaction did not change its character, or give a different effect to it. It was, in form as well as in substance, additional and collateral security for the perform-ance of the covenant against incumbrances. Such was the evident intent of the transaction; and to give it any other or different effect would be a perversion of it and do injustice. It is because the debtor has chosen to affirm the usurious ob-ligation and provide for its payment, that parties claiming under him have been estopped from setting up usury as a defense to it, and now it is sought to extend the principle to a case where he has not only not done this but has covenanted and given to his grantee an indemnity against it. And be-cause he has given this security for the performance of his covenant against this particular incumbrance, it is sought to raise up a trust for the payment of it. There is no time lim-

ited in the agreement for the setting aside of the plaintiff's mortgage, or mode prescribed for doing it. If in any way the premises are relieved from the incumbrance, the mortgage deposited with Judge Comstock is to be delivered to Dillaye. It is very evident that had the plaintiff undertaken to foreclose his mortgage, the day after the deposit of the Sedgwick & Cowles mortgage with Judge Comstock, there would have been no estoppel, either against Dillaye or Sedgwick & Cowles. An estoppel was not created by the surrender of the securities by Judge Comstock to Dillaye. If they were held as a trust fund for the benefit of the plaintiff, the trust attached to them in the hands of the assignee. Neither was an estoppel created as against Sedgwick & Cowles by the recovery of the judgment on the bond against Dillaye. They were not parties to that action, and they had no interest in the personal liability of Dillaye. It may well be stated thus: The defendants, by their purchase and grant acquired all the estate and title of their grantor, with the right to defend their title against the usurious mortgage of the plaintiff. They took from their grantor his covenant with security to defend them against this mortgage. His failure or inability to do so does not deprive them of their rights. His estoppel by any act subsequent to the conveyance to the defendants, whether by act of law or by his own deed, could not destroy or affect the defendants' rights.

I can see no principle upon which the defendants can be estopped from proving the usury alleged.

The judgment must be reversed, and a new trial granted; costs to abide the event.

MULLIN, J. and BACON, J. concurred.

MORGAN, J. (dissenting.) In legal effect the grantees took the conveyance subject to the payment of the mortgage in question. The amount included therein was deducted from the purchase price, and was to be paid in any event. They

Berdan *v.* Sedgwick.

were to pay it by paying this mortgage, unless the grantor should procure it to be discharged on the ground of usury. In an action upon his bond, the grantor attempted to establish the defense of usury and failed. He is therefore estopped from setting up the defense to the mortgage, by a former adjudication of this court upon the very point in question. Being estopped himself from setting up the defense, his grantees now purpose to make it for him. But they really have no interest in the question, it being wholly immaterial to them whether they pay this mortgage or the substituted mortgage. It is the same debt, and both mortgages operate but as a single lien upon the premises. The only effect of a judgment in their favor, setting aside the mortgage in question for usury, would be to make them liable upon the second mortgage for the same demand. And a judgment against them in this action would, by the terms of the agreement, relieve them from the payment of the second mortgage. They are therefore *strangers in interest* to the controversy as to its validity.

As a general rule, no one but the party who made the usurious security, or those standing in legal *privity* with him, can avoid it. A mere stranger to the transaction has no such right. (*Dix* v. *Van Wyck,* 2 *Hill,* 522.)

But these defendants are not only without interest in the question, but they have contracted with Dillaye to occupy a position of entire neutrality. It was doubtless optional with Dillaye whether he would make this defense or not. If he chose to waive the usury it did not lie with his grantees to interfere with his election. No court would compel Dillaye to defend the mortgage at the instance of the defendants; nor could they maintain an action against the plaintiff and Dillaye to procure it to be canceled for usury. It would be a good answer to such an action, that by the terms of the contract the whole interest in that question was reserved to Dillaye.

Although Dillaye has not waived the defense, he has been beaten on it, and cannot litigate it again. Nor can the de-

fendants litigate it; because, 1st, they have no interest in it: and 2dly, they cannot do for Dillaye what he would not be permitted to do for himself.

The judgment should be affirmed.

New trial granted.

[OSWEGO GENERAL TERM, July 14, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]