# SUPREME COURT.

UNION DIME SAVINGS INSTITUTION agt. FRANCIS J. CLARK and others.

*Mortgage foreclosure — Motion to open default and set up defense of usury — Laches.*

A second mortgagee may defend against a prior, usurious mortgage.

The defense of usury is legal and is to be treated as any other defense.

Where a second mortgagee suffered a default in the foreclosure of a first mortgage, being ignorant of the fact that the first mortgage was usurious :

*Held*, that upon this fact first coming to the knowledge of the second mortgagee, upon a trial between the holder of the first mortgage and the owner of the equity of redemption, the default should be opened and the defense of usury allowed to be set up by the second mortgagee.

*Held*, further, that the second mortgagee had not lost this right by laches. It is an essential element of laches or negligence that the party charged with it should have knowledge, or have failed or omitted to obtain knowledge where it was obtainable, after notice, or circumstances which should have induced an inquiry and an effort to obtain knowledge.

*Special Term, August*, 1880.

THIS is a motion in a foreclosure suit on behalf of defendant Joseph Moore, the holder of a second mortgage, to open a default, and for leave to answer and set up the defense of usury.

*G. M. Thompson*, for the motion.

*William H. Arnoux*, opposed.

POTTER, *J.* — This is a motion to open a default in a suit to foreclose by a prior mortgagee, and suffered by a second mortgagee. The excuse for suffering a default, was ignorance of the fact of usury in the first mortgage, and that this fact was first learned by this second mortgagee upon a trial between the holder of the first mortgage and the owner of the equity of redemption. The court, at general term, in this case held that the answer interposed by the owner of the equity of redemption substantially alleged usury, and that the defendant owner of the equity should be allowed to press it. The law is well settled, in this state, that the second mortgagee may defend against a prior usurious mortgage (*Berden* agt. *Sedgewick*, 40 *Barb.*, 359 ; *and see note upon Peutren* agt. *Mitchell*, 22 *Am. Rep.*, 287). Has the defendant, Moore, lost this right by laches ? The defendants showed, and there is no contradiction of them, that at this time of suffering the default, and until a trial was had, long subsequent, the defendant, Moore, did not know of the usury. It is generally an essential element of laches or negligence that the party charged with it should have had knowledge, or have failed or omitted to obtain knowledge where it was obtainable, after notice, or cir-

cumstances which should have induced an inquiry and an effort to obtain knowledge. No notice or hint to the defendant, Moore, that the first mortgage was usurious is alleged or pretended. He must have presumed that the first mortgage was what it purported to be on its face, and that the parties to it had not been guilty of violating the law or committing a misdemeanor. The court, at general term, has but re-announced the rule that the defense of usury is legal, and to be treated as any other legal defense. Would the court refuse to open a default under these circumstances to let in any other defense? If not, the application in this case should not be refused because the defense is usury. Allowing a defendant to interpose a defense cannot delay the action, as the question of usury has got to be tried as to these other defendants. Besides, if the plaintiff's mortgage is invalid against the purchaser of the mortgaged property, and that is established, how will the plaintiff suffer any harm by allowing the defendant, Moore, to maintain the same issue? If the plaintiff cannot foreclose and sell the premises under his mortgage by reason of usury, of what avail can it be to him that he should hold a judgment preventing Moore from redeeming premises which the plaintiff does not have a lien upon, and cannot acquire under a decree of foreclosure and sale against the owner of the premises? The motion should be granted.