# 324

## VILAS v. McBRIDE.

HARRIET H. VILAS AND OTHERS, AS ADMINISTRATORS OF SAMUEL F. VILAS, DECEASED, APPELLANTS, v. JULIA A. McBRIDE AND OTHERS, RESPONDENTS.

*Usury — an agreement that a mortgagee should, in addition to interest, receive the manure made upon the premises — estoppel.*

One Witherill owned premises upon which he, in 1867, built a hotel, which was opened in 1868. In November, 1867, he mortgaged the property to one Vilas, and it was agreed that, in addition to legal interest, Vilas should have the manure made at the hotel, which was worth $100 per annum. Vilas received the manure for many years.

In an action brought to foreclose the mortgage,

*Held,* that, as a contingent advantage was reserved to Vilas without putting either capital or interest at risk, the agreement relative to the manure made the mortgage usurious.

In 1884 Witherill sold the premises to one McBride by warranty deed, the consideration named being $20,000. At this time there were upon the premises the mortgage in question and another, each of $7,000. McBride paid $6,000 cash. The deed was silent as to the existence of the mortgages

*Semble,* that, as against a warranty deed, parol evidence was inadmissible to show that the purchaser assumed the payment of the mortgages.

The evidence tended to show that McBride expressly refused to assume the payment of the Vilas mortgage upon the ground that the agreement as to the manure made that mortgage usurious.

*Held,* that the subsequent acts of McBride in paying interest upon the Vilas mortgage, and in insuring the premises for its security, did not, as matter of law, estop him from alleging usury as a defense to it.

APPEAL by the plaintiffs, Harriet H. Vilas, Samuel H. Vilas and Henry Orvis, as administrators of Samuel F. Vilas, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of Clinton county on the 12th day of January, 1891, dismissing the complaint in the above-entitled action, with costs, and discharging a mortgage therein described from record, after a trial at the Clinton County Circuit before the court after the submission of certain questions to a jury, with notice of an intention to bring up for review upon such appeal an order denying a motion for a new trial.

The action was brought for the foreclosure of a mortgage upon certain premises situate in the village of Plattsburgh, which had been owned by one Witherill, who, in 1867, built a hotel thereon, which was opened in 1868; which premises were, thereafter, in 1884, sold to one McBride.

*G. H. Beckwith*, for the appellants.

*Edgar T. Brackett*, for the respondents.

LEARNED, P. J. :

This is an appeal from a decision in an action of foreclosure. Two questions were submitted to the jury, the first whether the mortgage was usurious, the second whether David McBride, grantee, assumed payment of the mortgage as part of the consideration. The jury found the first in the affirmative, the second in the negative. The learned justice adopted these findings as correct, and decided in favor of the defendants. It seems hardly necessary to add anything to the careful opinion written by him. But the amount involved is considerable and the points in the case have been strongly presented on both sides. We will, therefore, state our views.

The bond and mortgage in question were executed November 9, 1867, by Hiram D. Witherill to Samuel F. Vilas, now deceased, for $8,000, payable in installments, the last in 1871, with interest at seven per cent. The property mortgaged was the Witherill Hotel. The testimony of Mr. Wever is that, when Witherill applied to Vilas for the loan, Vilas objected on the ground that money was worth more than seven per cent, and that he could not make the loan unless he had more than the legal rate ; that they then agreed that the manure from the house should be called worth $100 per year ; and that so long as Vilas carried the mortgage he should have the manure from the house as extra interest. The hotel was opened in 1868. It was proved that Vilas did have the manure year after year and that it was, in fact, worth $100 per year. In 1881, one Velsey kept the house and Vilas claimed the manure as his right ; said he had it all along ; but Velsey refused to let him have it unless he paid fifty dollars per year, which he did for one year.

The plaintiffs urge that as the house was not then finished and the manure would not be in existence until the house was finished, and as Vilas was to have it only as long as he carried the mortgage, the contract was not usurious. The proof, however, establishes that this was intended as an additional compensation for the use of the money, and it was actually received for many years. Where a contingent advantage is reserved to the lender without putting capital

or interest in any kind of risk the contract must be usurious. (*Barnard* v. *Young*, 17 Ves., 44; *Cleveland* v. *Loder*, 7 Paige, 557; *East River Bank* v. *Hoyt*, 32 N. Y., 119; *Heidenheimer* v. *Mayer*, 42 N. Y. Supr., 506.) There seems to be no room to doubt here that the agreement was that the lender should, at the least, have the probability of getting an additional advantage, and that this agreement was made in order that he might have more than legal rate. We think the verdict and the decision on this point were correct.

The next question is whether, when Witherill sold the premises to McBride, the latter agreed, as part consideration, to pay this mortgage. On the face of the deed he did not. Witherill gave a warranty deed. The consideration expressed therein was $20,000. No mention of the mortgage is made in the deed. No paper other than the deed was executed between the parties. The amount actually paid by McBride to Witherill was $6,000. The mortgage in question had been, or was then reduced to $7,000 of principal by a payment of $1,000 by Witherill or Mrs. Witherill. There was another mortgage on the premises of $7,000. That also is not mentioned in the deed.

It is very evident, then, that, so far as the deed goes, the land was not taken as subject to any mortgage, and the purchaser assumed the payment of no mortgage. Of course, mortgages were, in fact, upon the land. But the deed was a warranty deed, which bound Witherill to protect the title. If the deed had stated that the land was taken subject to the mortgage, then, of course, no eviction by virtue of such mortgage would be a breach of the covenant of warranty. (*Belmont* v. *Coman*, 22 N. Y., 438.) We do not see, therefore, why Witherill would not be liable on his covenant of warranty should the defendants be evicted under a foreclosure of this mortgage. Hence it would seem that parol evidence showing that McBride took, as subject to the mortgage, and still more evidence showing that he assumed its payment, would vary the effect of the written instrument. (See *Marsh* v. *McNair*, 99 N. Y., 174; *Wilson* v. *Deen*, 74 id., 536: *Estabrook* v. *Smith*, 6 Gray, 579.)

There are some cases in this State holding that the agreement of the purchaser to pay the mortgage may be shown by parol. (*Taintor* v. *Hemmingway*, 18 Hun, 458; affirmed, 83 N. Y., 610.) It will be seen, however, in that case, that the conveyance was made, in

terms, subject to the mortgage. So that the agreement by parol of the purchaser did not vary the terms of the written instrument. The same facts existed in *Murray* v. *Smith* (1 Duer, 412), where a similar doctrine was held. Such evidence was held to be only proof of what the actual consideration was. It would seem that a different case must be presented when the grantor gives a warranty deed without mentioning the mortgage. Such is the view of *Berdan* v. *Sedgwick* (40 Barb., 359; affirmed, 44 N. Y., 626).

In the present case, however, the question does not arise. The learned justice allowed the plaintiff to give evidence tending to show an oral agreement on the part of McBride to pay the mortgage. On conflicting evidence, the jury found that he made no such agreement. Their verdict and the decision of the learned justice are sustained by the evidence. The testimony of Mr. Wever, who negotiated the sale for Witherill with McBride, is positive. He says McBride declined absolutely to assume any mortgage, of any name or nature, on the property; that he, Wever, urged him hard to do this, but he positively declined. He insisted on a warranty deed, and declined buying subject to the mortgage. He said there was usury in the mortgage, and stated how it came to be so in regard to the manure. He said he wanted to take all the rights that Witherill had to defend against either or both mortgages. If he bought Witherill's rights he would give $6,000; otherwise, he would give less.

The opposing testimony is the statement of Mr. Newton, that McBride told him that he had bought the property subject to this mortgage which he assumed and expected to pay. The jury were justified in placing more confidence in the testimony of the man who negotiated the contract than in the testimony of a witness to a mere admission of McBride. McBride may have said that the property was subject to the mortgage and he expected to pay it. But that he assumed the mortgage is in contradiction to the deed, as we have already seen. And it is hardly possible that Mr. Wever, who desired to have McBride assume the mortgage, could be mistaken in saying that he failed to accomplish this result.

In *Bennett* v. *Bates* (94 N. Y., 354), the reason for holding a purchaser liable in cases like the present is discussed at length. But the fact on which such liability is based must always be the

agreement of the purchaser to pay the mortgage, or his recognition of its validity. Without such agreement or such recognition he assumes no liability personally, and has full right to defend his land against an invalid incumbrance. Of course, the grantor can, in his conveyance, subject the land to the payment of anything which he chooses; to the payment of a valid debt; to the payment of a claim which is invalid. But he has not done so in this case. On the contrary, he has warranted the title to the land without any reservation. It is true that a consideration of $20,000 is expressed in the deed, which the testimony shows to be rather more than the actual value. But it is well known that the expressed is often not the real consideration.

So in this case the actual consideration is shown by proof to have been $6,000. The plaintiff urges that as the nominal consideration was $20,000, and as only $6,000 was paid it must be assumed that McBride was to pay the other $14,000 by paying these mortgages. But this, at best, is only slight evidence, and is overthrown by the proof. Indeed, if the expressed consideration had been $6,000, it might with equal force have been urged by plaintiff that the defendant bought only the equity of redemption subject to both mortgages. And, perhaps, it was to exclude such argument that the deed expressed as consideration the whole value, showing that McBride took all the rights which Witherill had to defend against this mortgage.

The subsequent acts of McBride in paying interest to Vilas, and insuring the property for the security of the Vilas mortgage in no respect estop him from this defense. Payment of interest on a usurious claim does not prevent the debtor from subsequently showing the fact of usury. As evidence these matters could have been, and doubtless were, considered.

We think the judgment should be affirmed, with costs.

MAYHAM, J., concurred; KELLOGG, J., not acting.

Judgment affirmed, with costs.