## Post *vs.* Dart & The Bank of Utica.

Where the holder of a usurious bond and mortgage files a bill of foreclosure against the mortgagor, and makes a subsequent judgment creditor of the latter a party to the suit, for the purpose of obtaining a decree which will destroy the lien of the judgment upon the premises, in the hands of the purchaser under such decree, the judgment creditor may avail himself of the defence of usury, to the full extent of his legal lien upon the premises by virtue of his judgment; although the mortgagor suffers the bill to be taken as confessed.

And in such a case the mortgagor, who has suffered the bill of foreclosure to be taken as confessed against himself, is a competent witness, for the judgment creditor, to prove the mortgage usurious; as a dismissal of the bill

1841.

Post
v.
Dart.

as to the judgment creditor will not prevent a decree of foreclosure and sale, as against the mortgagor, and a decree over against him for the deficiency on such sale.

A purchaser of a mere equity of redemption in mortgaged premises, incumbered by an usurious mortgage, who, by the terms of his conveyance, takes the premises subject to the lien and payment of such mortgage, cannot set up the defence of usury in the mortgage; and thus obtain an interest in the land which the mortgagor never agreed or intended to transfer to him.

Nor can a mere stranger insist upon the invalidity of a usurious mortgage in respect to which he is neither a party or a privy.

But the defence of usury may be set up by any one who claims under the mortgagor, and in privity with him. For the usurious mortgage is void, not only as to the mortgagor, but as to all others who succeed to his rights in the mortgaged premises, either by operation of law or otherwise.

A judgment creditor, whose judgment becomes a legal lien upon the whole interest of the mortgagor in premises incumbered by a prior usurious mortgage, may obtain a perfect title to the premises, by a sale and purchase under his judgment; and may then enjoy the same as fully as the judgment debtor could have done had he continued to be the owner.

February 17.

This was an appeal, by the complainant, from an order of the vice chancellor of the fifth circuit, for a commission to take the testimony of A. Dart, one of the defendants, as a witness in behalf of his co-defendant, The Bank of Utica; and to extend the time to close the proofs for sixty days, to enable the respondent to get the commission executed and returned. The bill was filed to foreclose a bond and mortgage given by the defendant Dart; who suffered the bill to be taken as confessed against him. The Bank of Utica, which had a judgment against Dart that was a lien upon the mortgaged premises, put in an answer, alleging that the bond and mortgage were usurious and void. And upon the usual affidavit, that Dart was a material witness for his co-defendant, the bank, and was not interested in the matter to which he was to be examined, an order of course was entered for his examination as to any matter in which he was not interested; subject to all just exceptions.

*W. J. Bacon,* for the appellant.

*J. V. L. Pruyn,* for the respondent.

THE CHANCELLOR. Two objections are made to the order appealed from : *First.* That a judgment creditor whose judgment is a lien upon the mortgaged premises subsequent to the giving of the mortgage, cannot set up the defence of usury to a bill to foreclose such mortgage as against him ; and *Secondly.* That the mortgagor is interested in favor of the bank, so that he cannot be a witness to establish the defence set up in the answer.

A mere stranger cannot insist upon the invalidity of an usurious security ; as in the case mentioned by Justice Periam, in *Carter* v. *Claycole,* (1 *Leon.* 307,) where a trespasser evicted the mortgagee and then set up the defence of usury, to the action of the latter to recover the possession. But the defence of usury may be set up by any one who claims under the mortgagor, and in privity with him. Ord says, " an usurious security is void not only against the borrower and his sureties, but also against all persons who claim title under them to the property intended to be affected by the usurious contract." (*Ord on Usury,* 131. See also *Lloyd* v. *Scott,* 4 *Peters' Rep.* 205.) The purchaser of the mere equity of redemption in the mortgaged premises encumbered by an usurious mortgage, who, by the terms of his conveyance, takes the premises subject to the lien and payment of such mortgage, cannot, indeed, set up the defence of usury, and thus obtain an interest in the land which the mortgagor never agreed or intended to transfer to him. (*Given* v. *Kemp,* 13 *Mass. Rep.* 575.) But an usurious mortgage is void not only as to the mortgagor but as to all others who succeed to his rights in the mortgaged premises, either by operation of law or otherwise. A judgment creditor, therefore, whose judgment becomes a legal lien upon the whole interest of the mortgagor in such premises, may, by a sale and purchase under his judgment, obtain a perfect title to the land ; and may then enjoy the same as fully as the judgment debtor might have done had he continued to be the owner. It follows, of course, that when the holder of the usurious

bond and mortgage files his bill in this court, to enforce the same against the land, and makes the judgment creditor a party for the purpose of depriving him of that legal lien upon the premises, by a decree of this court, such judgment creditor may avail himself of the defence of usury to the full extent of his legal lien upon the premises by virtue of his judgment. This, however, will not prevent the usual decree of foreclosure of the mortgage against the mortgagor himself, and a decree over against him for the deficiency ; if he does not think proper to contest the complainant's right. And the only effect of the defence of the judgment creditor will be to have the bill dismissed as to himself ; so that the purchaser under the decree will take the title subject to the payment of the judgment, if it should not be collected out of other property of the judgment debtor.

It follows from this view of the subject, that the mortgagor who has suffered the bill to be taken as confessed, and who is bound to pay the bond and mortgage as well as the judgment, stands perfectly indifferent between the parties, upon the question whether the mortgage or the judgment is entitled to a preference in payment out of the proceeds of the mortgaged premises. And if so, he is a perfectly competent witness to sustain the defence of usury set up by the bank.

The order appealed from must therefore be affirmed with costs.