## CHAMBERLAIN *a.* DEMPSEY.

*New York Superior Court; General Term, March,* 1862.

MISTRIAL.—FORECLOSURE.—USURY AS A DEFENCE.—EFFECT OF ADMISSIONS.

Where an action has been tried before the court without a jury, the only authority for entering judgment is the decision of the judge who tried the cause. A reference to compute the amount of the recovery, if not authorized by the decision, is irregular.

On a trial by the court without a jury, the failure of the judge to specify the relief granted or the determination of the action, is an irregularity of which advantage may be taken even on appeal from the judgment.*

In case of usury, the contracting party, in an action at law upon the contract, or in equity upon securities collateral to the contract, the owner of the property, or one having a valid lien upon it by mortgage or execution, is entitled to interpose the defence as a matter of strict right.

In a foreclosure to which the defence of usury is interposed by a grantee of the mortgagee, an admission that such grantee is the owner of the premises imports that the conveyance by which the grantee acquired title was in hostility to the mortgage.

Appeal from a judgment of foreclosure and sale.

On the trial of this action the court refused to allow evidence to be given that the notes to secure which a mortgage was given were founded on a usurious consideration, although it was admitted that the " defendant was the owner of the premises" incumbered, on the ground that the defendant, not being the owner at the time of the execution and delivery of the mortgage, and having become so subsequent to that time, must be regarded

---

* Compare Lewis *a.* Jones, 13 *Ante,* 427.

as having had notice of it, and was not in a position to avail himself of the defence. The trial below is reported, 13 *Ante,* 61, 421. The defendant Dempsey appealed.

*George R. Thompson,* for the appellant.—I. It is well settled that if a borrower, at a usurious rate, made an unqualified sale of property pledged to secure the usurious loan, the purchaser may plead the statute; and the purchaser of land may show usury in a mortgage existing at the time of his purchase to defeat a foreclosure. (Post *a.* Dart, 8 *Paige,* 639; Shufelt *a.* Shufelt, 9 *Ib.,* 137; Vroom *a.* Ditmas, 4 *Ib.,* 526; De Wolf *a.* Johnson, 10 *Wheat.,* 367; Lloyd *a.* Scott, 4 *Pet.,* 205; Berry *a.* Thompson, 17 *Johns.,* 436; Green *a.* Kemp, 13 *Mass.,* 515; Trumboo *a.* Blizzard, 6 *Gill & Johns.,* 18; *Blydenburgh on Usury,* 106–108.)

II. The case of Sands *a.* Church (6 *N. Y.,* 347) does not conflict with this principle. There the mortgagor sold subject to the mortgage, which does not appear in the case at bar.

III. The admission made at the trial, that "the defendant is the owner of the mortgaged premises," means that she is the owner in fee.

*Wm. M. Allen,* for the respondent.—I. The mere allegation of ownership in fee, without any proof as to the circumstances under which the defendant acquired such ownership, notwithstanding the admission at the trial, will not entitle the defendant to prove usury. That admission means that she is the owner subject to the mortgage. (Sands *a.* Church, 6 *N. Y.,* 347; De Wolf *a.* Johnson, 10 *Wheat.,* 392, and cases cited.)

II. No one but a party to the contract can avoid it on the ground of usury. (Post *a.* Bank of Utica, 7 *Hill,* 391, 406; Green *a.* Morse, 4 *Barb.,* 332.)

By THE COURT.—BOSWORTH, C. J.—The defendant Dempsey alone appeals from the judgment. In her answer she expressly admits "the execution of the notes and mortgage" described in the complaint. Taking her answer to be true, she admits the notes to be unpaid.

There is, therefore, sufficient evidence to sustain the finding of fact as to the making and delivery of the notes, and the

making and delivery of the mortgage, and the non-payment of the notes at maturity.

The decision of the judge is dated Nov. 30, 1861, and contains his findings of fact and conclusions of law. The latter are two in number: *First*, "that the plaintiff is entitled to judgment of foreclosure and sale of such mortgaged premises, for the purpose of discharging the amount of principal and interest due upon such mortgage, together with costs of suit;" and *Second*, "that the plaintiff is not entitled to a judgment for any deficiency which may appear upon the sale of such mortgaged premises." The defendant excepts to the first conclusion of law only.

The record does not show that any judgment has been rendered on this decision. The Code does not contain any authority to enter a judgment otherwise than upon and according to the decision. (*Code*, § 267.) The cause was tried before Judge Hoffman without a jury. If he intended a reference to compute the amount due on the notes, it should have been directed as part of his decision.

But the record states that on the 26th of November, 1861 (four days prior to Judge Hoffman's decision), Judge Moncrief made an order of reference to compute the amount due. The referee's report, under this order of reference, is dated November 27, 1861. The minutes of the proceedings before the referee form part of the case, and show that the proceedings were commenced before him on the 26th of November. They also purport to state which of the parties appeared before him. Mrs. Dempsey is not one of them. She could not have had notice of them for the full time required by the established practice. The judgment entered bears date the 7th of December, and is ordered by Mr. Justice White, and not only does not, in its recitals, contain any direct allusion to the trial before Judge Hoffman, but purports to be made on proof of personal service of the summons on all the defendants, the aforesaid order of reference, and the report of said referee.

There could be no authorized judgment except one entered upon the decision of the judge who tried the cause. That decision is the authority for it, and there can be no other. If that had directed a reference to compute the amount due, the report of a referee ascertaining it would determine that question on becoming absolute. But it would not of itself constitute any

authority to enter a judgment of foreclosure and sale. At most it would determine the amount the plaintiff was to be paid out of the proceeds of a sale, made by virtue of a judgment, entered on Judge Hoffman's decision.

I regard all these proceedings as irregular and unauthorized. The defendant Dempsey should have moved to set them aside as irregular, if she did not assent to them. Instead of that she appeals, in terms, from the judgment "entered herein on the 7th of December, 1861." That judgment recites the order of reference, and the order of reference recites that "the issue joined by the answer of said Dempsey having been disposed of, and the facts set up in the answer of Delaplaine and Platt admitted by plaintiff," &c.

The decision of the judge who tried the cause does not dispose of the issues made by the answers of Delaplaine and Platt, by any thing contained in the terms of the findings of fact. If they are incumbrancers prior to the plaintiff, the judge who tried the cause should have so found, and directed a sale subject to their mortgages, or that they be first paid.

That another judge has power, at another or the same term of the court, to make a decision declaring the priority of the liens of the parties to the action, differently from the judge who tried the cause, no one will pretend. And if the judge who tried the action has not, in terms, or by necessary implication, decided the question, then there is a mistrial.

The decision that the plaintiff is entitled to a judgment of foreclosure and sale for the purpose of discharging the amount due on his mortgage, together with costs, imports a finding, that the liens or interests of all the defendants accrued subsequently to the plaintiff's mortgage. The complaint avers that such is the fact.

The judgment entered on the order of Justice White conflicts in this respect with the import of the decision of Justice Hoffman.

But if my brethren shall be of opinion that the question in regard to the regularity of the proceedings can be raised only by a motion to vacate them and not by appeal; that the fact, that the defendant Dempsey has not even on this appeal raised any question of regularity, is satisfactory evidence that she had notice of the application for the order of reference, and assented

to it, and admitted service of notice of hearing before the referee, and had notice of the settlement of the judgment by Justice White, and that such judgment in the intent of the parties is entered as well on the decision of Judge Hoffman as upon the subsequent proceedings,—then nothing will be left except the defendant's exception to the decision excluding evidence "that the promissory notes mentioned in the complaint were usurious, as set forth in the answer of the defendant Dempsey," and her exception to the first conclusion of law contained in the decision of Judge Hoffman.

With reference to the first exception, it is to be observed, that the only foundation laid for giving the evidence which the judge excluded is, first, the allegation in Dempsey's answer, "that she is the owner in fee of the premises" in question; and the admission at the trial, to wit, "the defendant Dempsey being admitted to be the owner of the mortgaged premises." What this admission was understood by Judge Hoffman to mean, is shown to some extent by the seventh finding of fact, viz.: "That at the time of filing such answer the defendant, Jane R. Dempsey, was and now is the owner of such premises." When or how she became such owner is not alleged in the answer, nor stated in the admission or in the findings of fact. But it is quite evident that her ownership accrued subsequent to the giving of the mortgage held by the plaintiff, and is subordinate to it, except in so far as the fact of usury exempts it from such subordination. The answer does not deny that Mrs. Dempsey's ownership was acquired with actual knowledge of the plaintiff's mortgage, nor does it affirm that it is created by a deed containing any covenants of warranty.

Unless it be law that a court of equity, on a given state of facts, will permit proof of usury as a defence and flat bar, when it could not grant any relief to the same party on a bill filed by him to obtain relief from the same usurious transaction (a question which will be considered hereafter), then it seems to me that Post *a.* Bank of Utica (7 *Hill*, 391) is an authority in support of the decision at special term. The respondents, the Bank of Utica, had become owners of the mortgaged premises by a purchase of them at a sheriff's sale on a judgment and execution against the mortgagor. They thereby acquired all the title which any deed from the mortgagor could have conferred.

Whether a conveyance by the mortgagor with warranty of title (Cole a. Savage, 10 *Paige*, 583–592) would confer rights to contest the mortgage, which a quit-claim deed or a purchase " of the mere equity of redemption" would not confer, may, possibly, be a material question. But it is quite clear that in Post a. Bank of Utica, the decision of the chancellor was reversed, and his decision in Cole a. Savage (*supra*) was disapproved.

In Green a. Kemp (13 *Mass.*, 515), the defence of usury was excluded. The defendant was the mortgagor's grantee of "all the right in equity, of redeeming, which he (the mortgagor) had in the premises." In Sands a. Church (6 *N. Y.*, 347), the defence was excluded on the ground that the defence of usury had been waived by those having a right to waive it, before the title of Daily, one of the appellants, had accrued. Church, the other appellant, was one of the parties waiving it.

Hence, unless the admission made at the trial, that the defendant Dempsey "is the owner of the premises" in question, imports more than that she had succeeded to the title which the mortgagor had, subject to the mortgage, then it does not appear that she had any conveyance given in hostility to the mortgage. It, of course, does not mean that she has title free from all incumbrances. It could not have been understood by Dempsey, the plaintiff, or the court, as admitting that her title was paramount to that of Platt and Delaplaine as mortgagees.

In my view, the important question upon the merits is resolved into the consideration whether the fact as admitted or found, in regard to Dempsey's ownership, imports that her title is in hostility to the mortgage? If it imports that, then I think the decision is erroneous, otherwise not.

A party sued at law on a usurious security, if able to prove usury, succeeds in his defence. The contract and securities being declared void by statute; it would seem to follow, that whether the action was at law upon the contract, or in equity to enforce the security, the contracting party in the former, or in the latter case the party owning the incumbered property, or having a valid lien upon it by mortgage or execution, is entitled to the defence as a matter of strict right, if possessed of evidence to establish it. In this view the decisions do not present the actual conflict imputed to them. Jackson a. Dominick (14 *Johns.*, 435); Dix a. Van Wyck (2 *Hill*, 552); and Post a. Dart (8 *Paige*, 639),

are not in conflict with Post *a.* Bank of Utica (7 *Hill*, 391). Prior to the Revised Statutes, if a borrower was obliged to resort to a court of chancery to obtain a discovery of evidence to establish the usury, he was obliged to offer to pay the sum lent and interest, and could only obtain relief from the usurious excess. Those statutes did not relieve him from the necessity of offering to pay the principal. (Livingston *a.* Harris, 11 *Wend.*, 329.) And in Post *a.* Bank of Utica (7 *Hill*, 391), the question was, whether the respondent was one of the persons authorized by statute to seek relief by bill in equity.

Holding that he was not, does not necessarily decide that if a party defendant, and able to prove the usury, he might not allege and prove it as a defence, although not within the statute specially authorizing a bill for relief. In this view there is no necessary conflict between Post *a.* Dart (8 *Paige*, 639) and Post *a.* Bank of Utica (7 *Hill*, 391). In the former case the usury was set up as a defence, and the party had a strict legal right to allege and prove it.

In the latter case the respondent sought relief in equity under a particular statute, and he was held not to be within its provisions. Such a view does not involve the consequence which a learned senator, in the latter case (7 *Hill*, 413), denounced as " discreditable to the law,"—that " the success of the lender in recovering the money loaned would depend upon the court in which the litigation was carried on, rather than upon the law of the land." For in this view, usury as a defence, is equally available as a matter of strict right, in equity as at law. It is only when the borrower or his grantee of mortgaged premises, goes into a court of equity for affirmative relief as a plaintiff, that the question arises whether the latter is one of the persons authorized to file a bill.

On the whole, my mind is led to the conclusion that the effect of the admission made at the trial is, that the defendant Dempsey has all the ownership and right which the mortgagor was competent to grant. He could convey subject to the mortgage, and thus waive the usury and withhold from his grantee all right to avail himself of it. But he could also convey in hostility to it, in which case she could plead and prove it. By the terms of the admission made, it must be intended to mean that Dempsey's ownership is as perfect and absolute as it was com-

petent for the grantor to make it, and in this view the decision of the judgment is erroneous, and the judgment should be reversed and a new trial granted.

When the defendant is put to proof of her title, all the doubts which now beset this branch of the case may be removed.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

ROBERTSON, J.—I entirely concur with the chief-justice in the view that the admission of an ownership in fee in Mrs. Dempsey, without any qualification, gave her the same right to set up the defence of usury.against the mortgage sought to be foreclosed as was in her grantor.

The proceedings in the cause seem to be quite irregular. The trial of the issues of fact in the cause took place before one justice of the court, who decided, on the pleadings and evidence, "That the plaintiff was entitled to judgment of foreclosure and sale" of the premises to pay the amount due on the mortgage, but was "not entitled to a judgment for any deficiency." This decision being in writing was filed, but no judgment was entered upon it. (*Code,* § 267.) A judgment was however entered upon the order of a different justice, which does not refer to the first trial of the issues, but is made merely upon proof of service of the summons personally on all the parties, and the report of a referee before the decision upon the first trial, upon a previous order made by still a third justice to compute the amount due on the mortgage. Such order on its face seems to have been made without notice of the application for it to, or appearance at the making of it by, the defendant, Mrs. Dempsey, and the referee's report does not recite her as appearing.

As these proceedings stand, the plaintiff first obtained a computation of the amount due against the defendants ; then tried the action and obtained a decision against her on questions of law, but without any order of reference to compute the amount due against her; and finally entered a judgment against her for a sale to discharge the amount reported due by the referee against others.

The power of a court to order a reference is found in section 271 of the Code ; which in its second subdivision provides that it may be done, either before judgment or afterwards, for carry-

ing the judgment or order into effect, where the taking of an account shall be necessary for the information of the court. It is very plain in this case, that the order of reference actually made was as void as against Mrs. Dempsey, as though damages were assessed in an action for assault and battery, before the issues were tried, since the plaintiff proceeded to try the issues as against her afterwards. I do not see how under the decision of Lawrence *a.* Farmers' Loan and Trust Co. (15 *How. Pr.*, 57), any judgment could have been rendered on the decision at the trial at all, because there was no order of reference directed by it to compute; as even with that there could be no judgment until the computation was made and all questions upon it disposed of. Section 280 of the Code provides that " the judgment" shall be entered in the judgment-book, and shall specify clearly the relief granted, or other determination of the action. Until every thing is done required by the decision of a single judge, to furnish materials for a judgment, any entry upon such decision must be a mere order. The act, therefore, of the justice who made the final order for judgment was not a mere formal matter, but was the giving of judgment upon the decision of the judge who tried the cause and a report of a referee not made upon an order included in the decision on the trial.

As the appeal is from the judgment, I think this was not only an irregularity, but an error. It would be an irregularity in so far as it was made without the presence of, or notice to, the attorney of Mrs. Dempsey. But it is error to pronounce judgment upon an incomplete decision upon a trial, without any evidence of the amount due, and upon a report which as to Mrs. Dempsey was an absolute nullity.

Even if it were possible that the order of reference to compute had been made after the trial, I do not think the matter would be mended. I do not see how any judge but the one who tried the issues could issue an order for computation. He was bound to furnish all the means of determining the relief to be granted by his decision, for otherwise it would be impossible to ascertain how far the making of such an order would have modified his decision.

I think the practice of ordering a computation after the decision of a case ought not to be encouraged, and indeed it may be very doubtful if it can be done unless an account is to be

taken ; a mere computation might as well be made at the trial as after.

I think, therefore, the decision of the judge who tried the action, was too incomplete to allow a judgment to be entered upon it by himself or any other judge. That no order of reference to compute the amount due could therefore be made as regarded Mrs. Dempsey, before or after such trial by any other judge. That the judgment was entered without a trial and decision that would warrant it, and that the judgment should be reversed as regards Mrs. Dempsey.

Whether the decision of the judge who tried the cause can now be amended so as to add to it an order to compute, and a new judgment be entered thereon, is not a matter now to be decided. But I think if that can be done, and the amendment be considered as made, then the error on the trial as to the merits before referred to is sufficient to reverse the judgment.

The judgment should therefore be reversed and a new trial granted, the costs to abide the event.

MONCRIEF, J.—The defendant, Jane R. Dempsey, alleged in her answer as a defence to the action, that she was the owner in fee of the mortgaged premises, and that the notes to secure the payment of which the mortgage was executed and delivered to the plaintiff, were usurious. This, if proven, was a good defence. (Green a. Kemp, 13 *Mass.*, 515.) Dix a. Van Wyck (2 *Hill*, 526), cites the case and states, " It was admitted that if Kemp had purchased the land and not the equity of redeeming, though with notice of the mortgage, he might have set up the usury. Kemp was not permitted to set up usury in the mortgage, for the reason that he had no title to the land."

In 7 *Hill*, 406 (on appeal from 8 *Paige*, 640), the question discussed is, Whether a purchaser at a sheriff's sale under an execution is a " borrower" within the meaning of the statute ; and it is held he is not.

Sands a. Church (6 *N. Y.*, 347), affirmed the judgment below, on the ground that the appellant " could not on the facts presented in that case avail himself of the defence relied upon ;" and it appeared that the defendant (appellant) purchased subject to the mortgage. He was, therefore, the owner of the equity of redemption only. De Wolf a. Johnson (10 *Wheat.*, 367), presents

the case of a third person, the assignee of an equity of redemption, setting up the defence. The learned justice at the special term erred in excluding the defence interposed by Mrs. Dempsey; it being admitted upon the trial that she was the owner of the premises, she had title and could set up the usury.

The judgment should be reversed, and a new trial ordered.