## HARDIN *vs.* HYDE & EVERITT.

A subsequent mortgagee, who takes his mortgage expressly subject to a prior mortgage which is liable to be defeated by the mortgagor, as invalid, as contravening a public statute, cannot avoid it for his own benefit and thus acquire a better lien than he contracted for. ALLEN, J. dissented.

THIS action was commenced to foreclose a mortgage made by *John C. Pitt*, November 4th, 1857, to *Albert G. Story*, upon certain premises in Herkimer county, to secure the payment of $9409.11 and interest.   The condition stated that it was intended as security for the payment of that sum to *Albert G. Story, in trust,* to collect, receive and apply the same or so much thereof as might be necessary, to the full payment and satisfaction of the sum of $3000 and interest, to the Herkimer County Bank, and of the further sum of $1000 and interest thereon to the Mohawk Valley Bank, and the further sum of $1000 to the Montgomery County Bank, and of the further sum of $1000 and interest to the Pulaski Bank.   The condition further stated that the above sum was on account of liabilities which said *John C. Pitt* had incurred to each of said banks respectively.

The defendants, *Hyde & Everitt,* were made parties as claiming an interest as subsequent incumbrancers; and they interposed an answer, alleging, among other things, that the mortgage to Story was illegal and void, as being taken in contravention of the statute, which provides as follows: "No conveyance, assignment or transfer of any effects for the use, benefit or security of any such corporation, shall be valid in law unless it be made to the corporation directly by name; but the provisions of this section shall not be construed to apply to a conveyance or assignment for the benefit of creditors, in which such corporation shall be included, or to a conveyance or assignment of the effects of a debtor under the laws of this state, or of any other state or country." (2 *R. S.* 5th ed. *p.* 519, § 7.)   It appeared upon the trial, before Justice MULLIN, that the mortgage had been duly assigned

to the plaintiff, subject to the execution of the *trust,* and that there was due and unpaid thereon $4646.78; and that $2730 of that sum, besides interest, was due to the Herkimer County Bank, which was a safety fund bank and within the provision of the above statute.

The defendants were subsequent mortgagees, and their mortgage contained the following clause: "The foregoing described lands are subject to a mortgage to A. G. Story, upon which there is unpaid about five thousand dollars." It was admitted that there was due upon this mortgage at least the sum of $1000.

It was proved upon the trial that there was personally due from the mortgagor, John C. Pitt, $2730, besides interest, to the Herkimer County Bank, on account of his note of the date of December 17th, 1861. That note was for $2730, and was made payable to the order of Albert G. Story. Pitt made a general assignment for the benefit of creditors, January 2d, 1862.

The judge held, as a matter of law, that although the Herkimer County Bank is a moneyed corporation within the intent and meaning of the statute above cited, the defendants Hyde & Everitt could not avail themselves of the illegality in the mortgage from Pitt to Story, in trust for the security of Pitt's indebtedness to that bank, for the reason that the mortgage of said Hyde & Everitt was made, by its terms, subject to the said Story mortgage. To this ruling the defendants excepted. Judgment of foreclosure having been entered up for the whole amount, including the sum due to the Herkimer County Bank, the defendants appealed from the decision of the judge to the general term.

*Ward Hunt,* for the appellant.

*George A. Hardin,* plaintiff, in person.

MORGAN, J. The defendants took their mortgage expressly subject to the prior mortgage. It may be admitted

Hardin *v.* Hyde.

that the mortgagor could defeat the prior mortgage, *quoad* the Herkimer County Bank as invalid. (2 *R. S.* 519, § 7, *5th ed.*) But the question is a different one when the defendants propose to intervene between the mortgagor and the bank. It cannot be distinguished in principle from the case of a usurious mortgage which the statute declares to be void, but which a purchaser of the land, who takes it subject to the usurious mortgage, cannot avoid for that reason. (*Post v. Dart,* 8 *Paige,* 639. *Cole* v. *Savage,* 10 *id.* 583.) It can be avoided only by the party who made it, or by some one standing in legal privity with him, and not by a mere stranger to the transaction. (*Dix* v. *Van Wyck,* 2 *Hill,* 522) A purchaser of the equity of redemption cannot, nor can a subsequent mortgagee, set up the defense. (*Sands* v. *Church,* 2 *Seld.* 347.) The defendants having taken their mortgage subject to the prior mortgage, now come into court and claim to violate their own agreement by setting up a defense, in which the debtor alone has an interest. In this I think they are mere *volunteers,* and equity in general is remedial only to those who come in upon actual consideration. (1 *Fonbl. Eq.* 348.) In a bill for relief, the want of title in the plaintiff is fatal. (*Story's Eq. Pl.* § 512.) And when the defendants have precluded themselves from questioning the plaintiff's title, but have agreed to take subject to it, there is no ground upon which they can invoke the aid of a court of equity to put them in a better position than they contracted for. If they succeed, they take a lien larger than they contracted for, and leave the debtor still liable to pay the debt which they agreed should be a prior charge upon the mortgaged premises. I think the judgment should be affirmed.

MULLIN, J. and BACON, J. concurred.

ALLEN, J. (dissenting.) No exception was taken by the defendants to the ruling in respect to the debts due the banking association, and that as to these debts, the plaintiff's

mortgage was valid; and it was not claimed upon the argument of this appeal that these associations were affected by the provisions of § 7, art. 1, tit. 2, ch. 18 of part 1st of the revised statutes. (2 *R. S. 5th ed.* 519, § 7.) That section declares that no conveyance, assignment or transfer of any effects for the use, benefit or security of any such corporation (moneyed corporation) shall be valid in law, unless it be made .to the corporation directly and by name. The same clause which exempts certain assignments for the benefit of creditors from the operation of the section, need not be quoted, as the plaintiff's mortgage is not within the class of exempted conveyances. The Herkimer County Bank was a moneyed corporation, and directly within the prohibition of the statute; and the mortgage, so far as it was intended as a security for its debt, was not valid in law. The debt remains, but the security is void, and cannot be enforced. The statute not only prohibits the security for the benefit of a moneyed corporation in this form, but in terms declares all such securities to be void. But the court, at special term, sustained the mortgage and gave the Herkimer County Bank the benefit of it as a security for its debt, or rather gave effect to it as a security for the debt upon the strength of the clause in the junior mortgage to Hyde & Everitt, declaring that the lands were subject to the mortgage in suit, the judge holding that Hyde & Everitt, the junior mortgagees, were not in a condition to question its validity. That mortgagees as well as grantees are in privity with their mortgagor, and may avail themselves of any defect in an adverse claim or title which would have been open to their mortgagor, I do not understand to be questioned. A mortgagee is a grantee upon condition, and grantees as well as heirs, devisees and personal representatives, may set up any defense, as for example that of usury, against a mortgage or other lien upon lands, given or created by their grantor or ancestor. Claiming under the mortgagor, Pitt, and in privity with him, the defendants, Hyde & Everitt, may avail themselves of any defect in the

plaintiff's mortgage which goes to and affects its validity, unless precluded by some technical estoppel or special circumstance which takes their case out of the ordinary rule, and deprives them of the rights ordinarily incident to their condition as grantees. (*Ord on Usury*, 131. *Blydenburgh on Usury*, 106. *Post* v. *Dart*, 8 *Paige*, 639. *Shufelt* v. *Shufelt*, 9 *id.* 137. *Dix* v. *Van Wyck*, 2 *Hill*, 522. *Morris* v. *Floyd*, 5 *Barb.* 130.) Questions analogous to that made here have frequently arisen in respect to mortgages alleged to be usurious, and so far as there is an analogy between defenses for usury and the defense here interposed, the cases referred to may be regarded as authority, and it was upon the authority of that class of cases that the decision at the special term rested. It is well settled that the debtor or borrower may waive the defense of usury, and so charge his property, or even a third person, with the payment of a usurious debt, that his grantee or such third person will be precluded from alleging the usury. A grantee who takes by grant the mere equity of redemption, that is, that part of the estate or interest not covered by the mortgage, will not be permitted to defend against the mortgage upon that ground. So too, the grantee of mortgaged premises who assumes the payment of the mortgage debt, or who takes the premises expressly charged with its payment, is estopped from alleging usury as a defense. The debtor has a right to set apart his property to the payment of a debt, although it be usurious, and the trustee or one who upon a good consideration moving from the debtor to him, has undertaken to pay it, is estopped from alleging that the debt is usurious. (*Shufelt* v. *Shufelt, supra. Post* v. *Dart, supra. Cole* v. *Savage*, 10 *Paige*, 583. *Murray* v. *Barney*, 34 *Barb.* 337. *Sands* v. *Church*, 2 *Seld.* 347. *Hartley* v. *Harrison*, 24 *N. Y. Rep.* 174, *per Mason and Comstock, Judges. Berdan* v. *Sedgwick, MS. opinion of the court, April,* 1863.) (*a*) These decisions rest upon the principle that contracts and securities usurious in their character,

(*a*) Ante, p. 359.

although declared by statute to be void, are in effect only voidable at the option of the debtor, and that the defense of usury is personal and for the benefit of the debtor, and may be waived by him. Not so, however, as to the defense under the statute relied upon here. The statute was enacted from motives of public policy, and to guard the public against the abuse of a corporate franchise by moneyed corporations, and not to protect debtors from oppression or wrong; that is, the statute has respect to public not individual interests. The prohibition is a restriction upon the corporate powers of banks, confining them to a particular form of securities in their transactions with their customers, and its operation is that of a disabling statute. Not being personal to the debtor, he cannot waive it so as to affect a person who is in a situation, by reason of his interest in property affected by a security taken in contravention of the statute, to take the objection. The security remains invalid so long as it is unchanged in form. Doubtless the debt being valid, a mere security upon the same property, directly to the bank, in any form, would be good; but in this case the security still retains its objectionable and illegal character. It is to the mortgagee in trust for the bank, and the legal character is the same whether made by Pitt and assumed by Hyde & Everitt, or made by the joint act of all. Pitt, so far as he could do so, waived all personal right to object to the form of the security by giving the mortgage. He did no more when, as it is claimed, he ratified and confirmed the act and assumed the validity of the security, by the terms of the mortgage to Hyde & Everitt. It did not by that act become a security directly to the bank. The agreement which is sought to be implied on the part of Hyde & Everitt, to take subject to that mortgage, did not alter the form of the security. It was still a security prohibited by law, being to a trustee for the benefit of a moneyed corporation. An express agreement to take and hold the mortgaged premises in trust for the payment to the mortgagee trustee of the debt due the bank, would still be a

Hardin *v.* Hyde.

security for the benefit of the bank, not taken directly to it, but would be one remove further from it than the first mortgage. If one trust is illegal and invalid, a trust upon and for the benefit of the illegal trust cannot be good, and if an express trust is not good, an implied trust will not be upheld. The security, whether proceeding from Pitt or Hyde & Everitt, or all combined, so long as it is not to the bank, is void, and there is no estoppel in the case. Pitt could not have created a trust in Hyde & Everitt as a security for the payment of the debt to the bank or for its benefit. Whether the statement in Hyde & Everitt's mortgage, in respect to the plaintiff's mortgage, operates as a ratification and affirmance of its validity, if it were capable of being thus ratified and affirmed, need not be considered. The consideration of the plaintiff's mortgage was legal; its form was illegal as to one of the debts provided for, and the trust for its payment was void. But the trusts were not only separable but actually separated, and a distinct trust created for each debt, and the mortgage can therefore be enforced as a security for the debts not within the prohibition. (*Curtis* v. *Leavitt,* 10 *N. Y. Rep.* 96, 97, 124. *Leavitt* v. *Palmer,* 3 *Comst.* 19.) The judgment should therefore be modified by striking out of the recovery the amount of the debt to the Herkimer County Bank, to wit, $2730, with interest from December 17th, 1861, to the 22d day of July, 1863, to which day interest was computed and allowed in the judgment, $305.19, in the aggregate $3035.19 ; and thus modified it should be affirmed without costs to either party upon this appeal.

Judgment affirmed.

[ONONDAGA GENERAL TERM, December 22, 1863. *Mullin, Bacon* and *Allen,* Justices.]