By the Court.—Monell, J.
Upon the pleadings in this action, and without regard to any of the evidence, the plaintiff1 was entitled to judgment for the specific performance of the contract. But the court found as a fact, that at the time appointed for the performance of ■ the contract, the defendant neglected and refused to perform, and has ever since remained 11 unable to perform.”
The evidence to support the finding of inability to perform was very slight, and were it now material to the result, I should be unable to regard it as sufficient. The only evidence was to the effect that when the last payment was made to the defendant, he said that if he could have the money, he thought he could perform. A month or two afterwards, he reported himself as unable to perform. “He thought there was so much more lien against his property that he could not perform, that he would be ruined.”
The inadequacy of the evidence, however, is not of importance, as at most it relates to a supposed inability to perform at some time before suit brought, and there was nothing to show that such inability continued down to the time when judgment was entered.
If, therefore, at the time performance was decreed, the defendant could convey a title free from encumbrances, a specific performance of the contract should have been *503 required (Pierce v. Nichols, 1 Paige, 244; Brown v. Haff, 5 Id. 235). , These cases proceed upon the principle that it is not necessary for the vendor to have title when he contracts to sell, but may acquire the title at any time afterwards, or may otherwise put himself in condition to comply with his contract (Fry on Specific Perf. p. 390, § 660).
Upon these principles, and under the proofs in the case, the appropriate judgment would have been for the specific performance of the contract.
Treating it, however, as if it had been shown that the defendant could not perform, the court held as its conclusion of law, that the plaintiff should recover the money he had paid towards the purchase price of the property, and also a sum for damages, making the amount a lien upon the premises contracted to be sold, and directing their sale, and payment out of the proceeds.
It was undoubtedly competent for the court, having ascertained the defendant’s inability to perform, to retain the action, and to ascertain and award damages for non-performance (Morss v. Elmendorf, 11 Paige, 277; Clark v. Rochester, &c., R. R. Co., 18 Barb. 350, 356; Barlow v. Scott, 24 N. Y. R. 40); and if such inability to perform, at the time of the judgment, had been made to appear at the trial, the award of damages would have been entirely proper.
For the advances made by the plaintiff, he acquired a lien upon the land, to the extent of the defendant’s interest (Wythes v. Lee, 3 Brew, 396; Blore v. Sutton, 3 Mer. 237; Fry on Spec. Per. 495, § 939).
Such lien, however, does not exist in respect tó general damages, and it was erroneous to declare the lien of such damages in this case.
Had the judgment been entered in conformity to the decision of the court, as contained in the conclusion of law, it would, for the reasons already assigned, be diffi *504 cult to sustain it. But the judgment does not follow the decision. After reciting that “it appearing that the premises having been sold under a prior mortgage lien, leaving certain surplus moneys,” the judgment declares the lien for the advances and damages to be wpon such surplus moneys.
The evidence does not show any sale under the prior mortgage, nor is there any finding of fact to support the statement, and it is left wholly to inference and conjecture how the court, when it pronounced judgment, came in possession of the fact.
It is clear that this nonconformity of the judgment to the decision was an irregularity, if not indeed a substantial error, which should lead to a removal of the judgment. In Loeschigk v. Addison, 3 Robt. 331, this court reversed a judgment because it contained provisions not authorized by the decision. In that.case, however, it appeared that all the issues had not been disposed of by the decision. And in Chamberlain v. Demsey, 9 Bosw. 212, a judgment was reversed for a similar reason, and the power to do so was fully recognized.
But upon the argument of this appeal, it was conceded by the appellant’s counsel that after the trial, and before the entry of judgment, the defendant’s title had been divested, and his power to convey taken from him, by a foreclosure sale under an outstanding mortgage, and that the recital of such fact in the judgment was correct.
Under these circumstances the appellant could not be benefited by a new trial, and a reversal of the judgment would necessarily require a re-trial, when the result would be the same as now.
The judgment, however, should be modified by restricting the specific lien upon the surplus moneys to the advances only, and to the extent only of the defendant’s interest therein; leaving the general damages a general lien only.
*505 As so modified, the judgment is affirmed, hut without costs of the appeal.