## In the Court of Common Pleas of Schuylkill County.

### THE MINERS' TRUST CO. BANK *v.* JAMES WREN ET AL.

The purchaser of real estate where the sale is made subject to existing liens, may set up the defence of usury to the payment, *pro tanto*, of a judgment which was entered against the property at the time of his purchase, part of the consideration of which is shown to be usurious.

The defence of usury may be raised by others than the borrower himself.

Opinion delivered July 13, 1874, by

PERSHING, P. J. In this case the plaintiff issued execution against the defendants to collect the amount of a judgment entered by confession on July 10, 1871, to No. 206 Sept T., 1871, for the sum of $15,000, payable in one year. After the entering of this judgment, the real estate of James Wren, one of the defendants, was sold by his assignee in bankruptcy, and purchased by John W. Roseberry, Esq., as trustee for certain of the creditors of James Wren. Mr. Roseberry has presented his petition setting forth the fact of his purchase ; that the above judgment is claimed to be a lien on said real estate, and alleges that the consideration for a portion of the said judgment is illegal and usurious. The petitioner further states an offer on his part to pay the amount of said judgment to the plaintiff on condition that an assignment of the judgment and the collaterals held by the bank as security, should be made to him, which offer was not accepted, and that a levy has been made by the plaintiff on said real estate. The petition prays the Court to set aside the writ of *fi. fa.*, to open the judgment, and let the petitioner into a defence for that part of the judgment alleged to be usurious.

The evidence taken on the rule granted on the filing of the petition shows that the defendants were engaged in business under the style of James Wren & Co. ; that the firm borrowed money from the Miners' Trust Co. Bank, for which the members of the firm confessed a judgment for $15,000, payable in one year : that for this they received a bank book in which they were credited with $12,750: and that the balance $2,250, was retained by the bank for the use of $12,750, for the year which the loan had to run. Both Wren and Noble (the latter testifying that he represented Rhoda) who were examined as witnesses, state that they claim no deduction from the amount of the judgment, on the ground of excessive interest.

The court refused to set aside the *fi. fa.* and open the judgment, but directed that an issue be formed, the *fi. fa.* to be stayed in the meantime, to determine.

1. What portion of the judgment of the Miners' Trust Co. Bank against James Wren, John T. Noble and Matthew Rhoda, was founded on a usurious consideration.

2.   How much was due on said judgment.

As the facts were not in dispute, and were all in evidence before the court, the counsel for the plaintiff thought a trial unnecessary, and before the filing of the order directing an issue, requested that it be dispensed with.

As a matter of law they denied the right of Mr. Roseberry, or of those whom he represented, or of any one but the borrower himself, to raise the defense of usury. This, therefore, presents the only question for our decision.

That the defence of usury is a personal privilege, of which none but the borrower can avail himself, is settled by the decisions of the courts in many of the States. Without attempting to review the numerous cases to which our attention has been directed, it is sufficient for our present purpose to say, that they are decided on statutes which make all contracts void where usury enters into them. This is true of New York, upon the decisions of the courts of which State some stress was laid at the argument. All usurious agreements are there declared to be void, and the lender is subject to a penalty. In a late case, Berdan v. Sedgwick 45 N. Y. R. 626, decided in 1871, such agreements are said to be void, however, in a limited sense. In that case Hunt, Commissioner of Appeals, now Associate Justice of the Supreme Court of the United States, said: ''That the borrower only is entitled to interpose the defence of usury, is also a well settled principle : Cole v. Savage 10 Paige, 583 ; Williams v. Tilt, 36 N. Y. 319. This principle is subject to many exceptions. Thus, it is not doubted that heirs may make the defence with equal effect, as the ancestors could make it. The defence may be made on the same principle by devisees, by subsequent mortgagees and purchasers, and by trustees ; the heir is privy in blood, the devisee or purchaser is privy in estate, and each, in this respect, succeeds to the right of his ancestor or grantor ; Cole v. Savage, *supra*; Hartley v. Harrison, 24 N. Y. 171 : Post v. Dart, 8 Paige 639. As it is expressed in the head note to the last mentioned case, 'the defence of usury may be set up by any one who claims under the mortgagee, and in privity with him. For the usurious mortgage is void, not only as to the mortgagor, but as to all others who succeed to his rights in the mortgaged premises, either by operation of law or otherwise'   *   *   In the case of Post v. Dart judgment *pro confesso* had been taken against the mortgagor by which his liability to pay the debt was fixed by judgment. The court, nevertheless, granted the Bank of Utica, a subsequent purchaser, an order and a commission for the purpose of establishing the usury, assuming that the purchaser might litigate that point, although the liability of the mortgagor was not open to further question.''

We have quoted this case at this length, regarding it as applicable

to the case in hand, though made under a statute much more stringent than that of our own state on the subject of usury.

In Pennsylvania where a debtor refuses to move for the benefit of his creditors, they will be permitted to move in his name.

An insolvent man is not permitted to give away his property by means of a judgment, which, though proper at first, has become a security for less than the amount of it, Lewis vs. Rodgers, 4 H. 18 : Clark et al. vs. Douglass, 12 P. F. S. 408. It is claimed, however, that the direct question before us has never been decided in this State. In Verner vs. Carson et. al,, 16 P. F. S. 440 the question whether any one but the borrower or debtor can set up the defence of usury under the act of May 28th, 1858, is left undecided. If still an open question, there are decisions of our courts, which, we think, go far towards settling it. In Fisher vs. Kahlnan, 3 Phila. R. 213, decided by Judge Sharswood, in the District Court of Philadelphia, defence was taken on the ground of usury, in behalf of a *terre tenant*, who became purchaser of mortgaged premises at Sheriff's sale, under a judgment subject to the mortgage. It is held in that case that, "whenever usury avoids the contract, the defence is personal to the party to whom the loan was made. But so far as it amounts to a *pro tanto* failure of consideration, it is very clearly settled that the plaintiff will be enjoined or precluded from the recovery of more than the just sum advanced and lawful interest thereon :   Cab vs. Savage 1 Clark 482 ; Post vs. Bank of Utica, 7 Hill 391 ; Nisbet vs. Walker, 4 Georgia 221 ; Thom vs. Dout, 8 Gill 1." In Pennsylvania, it is is said in the same case, usury does not avoid the security. It is the unlawful part only which is made null. It seems right, therefore, in the case of a purchaser, to show that the security is for more on its face than was actually advanced at the time.

In Bachdell's Appeal 6 P. F. S. 387, on a question of distribution, the auditor decided that judgment creditors could question the validity of a prior judgment on the ground of usury, and reduced a usurious judgment accordingly. This was affirmed by the Supreme Court ; see also Lord vs. Scott 4, Peters 505; Greene vs. Tyler & Co., 3 Wright 361 ; Fitzsimmons vs. Baum 8 Wr. 32.

It has been argued that the purchase of the property sold by the assignee, was made subject to the liens upon it, and that this precludes any objection to the validity or amount of the plaintiffs judgment. Assignees in bankruptcy take the property of the bankrupt subject to the liens legally and *bona fide* existing as against the bankrupt. They have a right to discharge incumbrances, and may file a bill against all encumbrancers, to ascertain the validity, priority and amount of their several claims. James on Bankruptcy 43-4; McLean vs. Lafayette Bank 3, McLean 587. The sale in this instance, was made without the assignee having first dis-

charged the incumbrances. Is his vendee in any worse position for testing the validity of the liens, for which the property sold by the assignee may be seized in payment? We think not. If James Wren had actually paid a portion of the plaintiffs judgment, would the purchaser at the sale made by the assignee be precluded from showing that fact, because he bought subject to the liens legally and *bona fide* existing against the bankrupt's estate? In law the payment of usurious interest is a payment of the principal debt, to the extent of the excess over the legal rate of interest; Primrose vs. Anderson 12 H. 215. Where a purchaser buys expressly subject to usurious incumbrances, he will be held to their payment. But a purchaser of lands at Sheriff's sale, on judgment and execution at law, subject to all prior legal incumbrances, can take advantage of usury in a mortgage of prior date to the judgment; Cummins vs. Evir 2 Hals. Ch. R. 73. Nor do we think the position, that Mr. Roseberry is a mere stranger in this proceeding, well taken. It is decided in Carden vs. Kelly, 59 Barb. 239 that an execution creditor, who asserts a lien upon mortgaged property, is not a stranger within the meaning of the rule that the defence of usury is a personal one, and cannot be pleaded by one having neither priority of estate nor of blood with the borrower. We think that Mr. Roseberry as the purchaser of real estate bound by the lien of the plaintiff's judgment, may object to, and resist the payment of that part of the judgment which is shown to be usurious.

And now, July 13, 1874. It is ordered and directed that the *fi. fa.* on the judgment of the Miners' Trust Co. Bank against James Wren, John T. Noble and Matthew Rhoda, be restricted to the collection of the sum of $12,750, with interest thereon and costs, so far as it is attempted to collect said judgment by levy and sale of the real estate sold by the assignee in bankruptcy of James Wren to John W. Roseberry.