## HARTLEY *v.* TATHAM.

September, 1864.

Modifying 1 *Robt.* 246.

A creditor by mortgage who elects to make the whole principal due, for an alleged default in the interest, is not bound by the election, if the existence of a default is disproved ; and hence a tender of the whole amount in such a case, does not, though refused, extinguish the lien of the mortgage.

---

---

Hartley *v.* Tatham.

---

One holding an executory contract for the sale to him of land subject to a mortgage, rendered services to the mortgagee upon an agreement that they were to be received as payment of their value on the mortgage. *Held,* that a grantee of the land, having also an assignment of the claim for the value of the services, was entitled to the benefit of the application of the amount on the mortgage, as against a subsequent assignee of the mortgage.[*]

A grantee who takes a deed expressed to be subject to a mortgage is not estopped thereby from showing that a part of the mortgage has been paid.[†]

---

Joseph W. Hartley brought this action, in the New York superior court, against Benjamin Tatham and wife, and others, to foreclose a mortgage on land.

One Cunningham made the mortgage to Dunscomb, May 30, 1860, to secure fifteen hundred dollars. June 1, Cunningham conveyed the land to one Smith, subject to the mortgage, which Smith, by the terms of the conveyance, agreed to pay. January 26, 1862, Smith conveyed the land to defendant, Tatham, subject to the mortgage; but this conveyance contained no assumption of the mortgage nor any agreement by Tatham to pay it.

Before the mortgage was made, Dunscomb, who then owned this land and adjoining lots, made an executory contract for the sale of all the land to one Higginson, who by the contract agreed to erect houses thereon; and before the mortgage was made Higginson assigned this contract, with Dunscomb's consent, to one Arment, a plumber engaged at work upon the houses, and Dunscomb agreed to convey the premises to Arment when the plumbing work was finished. After Dunscomb had conveyed the premises to Cunningham, taking back the mortgage in suit to secure a portion of the purchase money, he employed Arment to do other work for him, and agreed to apply the price thereof by deducting the amount from the mortgage which he at that time held. This work was done, and Dunscomb and Arment liquidated the price at four hundred and ninety dollars and three cents.

Arment, instead of taking a conveyance of the property to

---

[*] Compare Prouty *v.* Price, 50 *Barb.* 344.

[†] See Binsse *v.* Paige, vol. 1, p. 138, of this series.

himself, procured Cunningham to convey it through Smith to Tatham, as above stated ; and, pursuant to an agreement made at the time of those conveyances, assigned to Tatham, May 3, 1862, his claim against Dunscomb for the price of the work, and which was to be applied 'to the mortgage then held by Dunscomb.

Afterward, and on May 13, 1862, Dunscomb assigned the mortgage to plaintiff, without notice of the credit agreed on, and plaintiff, on June 16, 1862, commenced this suit to foreclose for the whole amount due, for default in payment of interest. Defendant, on July 9, 1862, tendered principal, interest and costs, less the amount of the demand, which he claimed to be applicable in payment. This tender plaintiff refused. The first decision of the court below is reported in 10 *Bosw.* 273. After a second trial the defendants had judgment.

*The superior court* affirmed the judgment, on the ground that the demand was applicable to the mortgage; that, as it more than paid the interest, there was no default; and that as a tender of all that was due had been refused, the lien of the mortgage was gone. Their decision is reported in 1 *Robt.* 246.

*D. M. Porter,* for plaintiff, appellant.

*A. Clarke,* for defendants, respondents.

BY THE COURT.—DENIO, Ch. J.—I assent to the conclusion of the superior court that the four hundred and ninety dollars and three cents ought to be allowed as a payment on account of the interest due, and so much of the principal as it would extinguish. It follows from this conclusion, that there was no interest in arrear when the action was commenced, and hence, also, that the plaintiff had no right to elect to consider the whole principal immediately payable. The complaint does indeed set forth such an election, but it was based upon the actual denial of the payment, and upon the allegation that a year's interest was in arrears. The plaintiff's case was that the whole principal and interest had become payable in consequence of the default in the payment of the interest. When it was determined that there was no interest in arrear, the case

made by the complaint was disproved, and there was then no foundation for the claim of the whole under the special clause in the bond and mortgage.    I think, therefore, the defendant had no right to tender the whole principal without admitting a default in the payment of interest. It was an offer which the plaintiff was at liberty to reject or to accept.    He rejected it, as he had a right to do.    As the debtor was not bound by the election of the creditor, because the fact which authorized that election had not arisen, so the plaintiff ought not to be bound by it, because he has failed to establish the existence of the fact which alone gave him the right to make any election, and upon which alone he claimed that right., It is not like the case where one who is entitled to an advantage proposes to waive it and the other party acts upon the waiver—there the person making the offer ought to be bound by it.    The plaintiff here claimed the whole fifteen hundred dollars of principal and the entire interest of that sum from the date of the mortgage, grounding that claim upon the alleged default in paying interest.    If the defendant had acceded to this view, and had paid or tendered the whole principal and interest, the plaintiff might have been obliged to take it, and his refusal of a full tender would probably have extinguished the lien.    But the defendant did no such thing.  He denied that there was any interest in arrear, and virtually claimed that no occasion had arisen enabling the plaintiff to accelerate the payment of principal at his option; but he at the same time wished to hold the plaintiff to his offer, so far as it embraced the idea that the whole principal was payable, and accordingly tenders the balance, and it being refused, he claims that he is discharged from any obligation to pay anything.    This is a very different thing from accepting an offer in the terms or spirit in which it is made.

It is not probable that the plaintiff refused the tender on the ground that he would prefer to keep his money upon interest until the expiration of the original time of credit; no doubt he refused it because he believed the alleged payment was a matter by which he was not bound, and because the whole principal and interest were not tendered.    But that is no consequence.    It is very plain that the defendant had no right to

Hartley v. Tatham.

tender an amount of principal which had not become payable, and the plaintiff was under no obligation to give any reason for refusing it. It is hard enough for a mortgage creditor to lose his debt because he has been mistaken as to the effect of a payment of a small part of the amount, and has refused a tender of what the debtor claimed, and has been enabled to establish, was the full sum due. The plaintiff is sufficiently punished for his mistake, or the mistake of his legal advisers, when he is turned out of court with costs, for insisting upon a case which he could not sustain. The court had no right to go further and pronounce a forfeiture of the debt confessedly owing, and which would not become payable for nearly a year from the time of the tender. Hence, I am in favor of modifying the judgment appealed from by striking out all that portion thereof which follows the award of costs against the plaintiff, and of inserting in the place thereof, as follows : " But it is further adjudged that the tender, mentioned in the answer and in the proof, did not have the effect to extinguish the lien of the said mortgage as to the refusal of the moneys secured thereby, over and above the sum of $490.03, found by the supreme court to have been paid thereon, and that the said bond and mortgage remain in full force as to the said residue of the said mortgage debt."

If this modification is agreed to by the judges, there ought to be no costs against either party on this appeal.

The following opinion was rendered by T. A. JOHNSON, J.— Upon the facts established by the findings, this appears to be a very plain case. The plaintiff became the owner of the bond and mortgage in question on May 13, 1862, by assignment from the mortgagee. As assignee he took, subject to all equities existing at the time of the assignment, in favor of the debtor against his assignor. Any demand which the debtor might then have applied or set off against the assignor, he may have applied or set off against the assignee. This principle is so well settled that it would be a waste of time and labor to cite authorities in its support. At the date of the assignment, the defendant, Tatham, was, in equity if not in law, in respect to this bond and mortgage, the principal debtor, he having, on

22

January 26 previous, taken a conveyance of the mortgaged premises, subject to the same mortgage. This conveyance was made to the defendant Tatham, at the instance and for the benefit of Alfred A. Arment, who was the equitable though not the legal owner of the premises, and who had as such become liable to pay said bond and mortgage. The fall previous to this, Arment made an agreement with the plaintiff's assignor to do certain work for the latter in the Beekman Hill Chapel, which was then being built on the grounds of such assignor, and that the amount of such work and labor should be applied in payment upon, and deducted from the amount of, said bond and mortgage. This labor had been performed and the amount and value, four hundred and ninety dollars and three cents, agreed upon between Arment and the assignor, and the account with right of application assigned to the defendant Tatham, before the assignment to the plaintiff of the bond and mortgage. This account Arment had agreed to assign to Tatham at the time the conveyance was made to the latter, and the assignment was actually made on May 3, 1862, ten days before the assignment of the bond and mortgage to the plaintiff. It will be seen, therefore, that before the bond and mortgage had been assigned to the plaintiff, the right of the defendant Tatham to have this amount of four hundred and ninety dollars and three cents applied in payment and satisfaction of the mortgage debt had become fixed and vested. The payment had been made in labor, performed upon an agreement that it should apply in that way, and nothing remained to be done to complete it, except, perhaps, to indorse the amount and receipt it as a payment. As the amount has actually been paid in services rendered, equity will regard it as actually applied according to the agreement. It will hold it to have been a payment *pro tanto* in fulfillment of the agreement and the intention. I am of the opinion, also, that the moment the work was completed under the agreement and the amount ascertained and agreed upon, the law would make the application as a payment and satisfaction *pro tanto*. Davis *v.* Spencer, 24 *N. Y.* 386, 391. This amount of four hundred and ninety dollars and three cents was not a latent equity in the hands of a third per-

son, either at the time of the assignment to the plaintiff, or at any other time, and no such question arises in the case.

In any view of the case it is entirely clear that the plaintiff could only enforce the bond and mortgage for the amount due over and above this four hundred and ninety dollars and three cents as against the defendant, Tatham, who insisted upon its application as a payment. Consequently, it was only necessary for him to tender the balance over and above this sum, with the costs which had then accrued. The plaintiff had elected to consider the whole debt due, as he had the right to do, upon the mere payment of interest for the period specified. The tender, or offer of payment of the whole amount remaining due, and for which the mortgage could be enforced, discharged the lien of the mortgage and operated to defeat the action to foreclose.* Kortright v. Cady, 21 N. Y. 443.

It is strenuously contended by the appellant's counsel that the defendant, Tatham, is estopped by his deed from insisting upon the application of this amount for the work and labor to the mortgage debt. It is argued that having taken his deed subject to the mortgage he can set up nothing against it, but must pay the full amount for which it was given. But no case has been cited, and I think none can be found making any such application of the principle of estoppel by deed. By taking the conveyance of the premises subject to a mortgage, the grantee is precluded from setting up the defense of usury against the mortagage (Sands v. Church, 6 N. Y. 347; Shufelt v. Shufelt, 9 Paige, 137); and such a grantee would, I suppose, be estopped from denying the fact of the existence of such a mortgage as against the grantor and his assignees and representatives. Torrey v. Bank of Orleans, 9 Paige, 649; Denn v. Cornell, 3 Johns. Cas. 174. But no such question arises here. The existence of the mortgage is conceded, and its validity, to the extent of the amount justly due upon it. And there is nothing, either in the terms of the grant or in the principles of equity, to estop the grantee from showing what amount has been paid and what amount still remains due.

---

* On this point the court did not agree with the learned judge. See opinion of DENIO, Ch. J.

Certainly he was not estopped as against Dunscomb, and should not be as against his assignee, whose duty it was to ascertain, before taking the mortgage, what claims there were existing against it. He was bound to inquire, and the law will hold him to the knowledge he should have acquired.

The judgment is right, and should be affirmed.

A majority of the judges concurred in the opinion of DENIO, Ch. J., in which T. A. JOHNSON, J., was also understood to concur.

Judgment affirmed as modified in the opinion of DENIO, Ch. J., without costs to either party.